United States Court of Appeals,

Eleventh Circuit.

No. 95-6325.

UNITED STATES of America, Plaintiff-Appellee,

v.

Adrian TALLEY, Jimmy L. Pickett, Defendants-Appellants.

March 21, 1997.

Appeals from the United States District Court for the Middle District of Alabama. (Nos. CR-94-121-N-2, CR-94-121-N-1), Harold Albritton, III, District Judge.

Before BIRCH and DUBINA, Circuit Judges, and RAFEEDIE[*], Senior District Judge.

PER CURIAM:

Adrian Talley and Jimmy L. Pickett appeal their convictions for aiding and abetting one another in possession with intent to distribute cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). They argue that the district court erred in (1) denying their motions to sever because their defenses were mutually antagonistic and (2) denying their motions to suppress evidence. We affirm.

## I. BACKGROUND

On April 7, 1994, Officer Neil McMahon received several telephone calls regarding suspicious conduct by Talley and Pickett from a confidential informant, Kenneth Smith, who had provided reliable information in the past. Smith described the vehicle that Talley and Pickett had parked outside a residence located at 2025-D Terminal Road in Montgomery, Alabama. He reported that he saw

[*]Honorable Edward Rafeedie, Senior U.S. District Judge for the Central District of California, sitting by designation.

Talley and Pickett enter the residence and that he had seen Talley remove approximately two ounces of cocaine from his pants. Smith presumed that Talley and Pickett wanted Josephus Steel, a sometime resident of the house, to "cook" the powder cocaine into cocaine base or "crack" cocaine.

McMahon recruited other officers to assist him in surveillance and verified that the vehicle identified by Smith as the one used by Talley and Pickett was parked near the Terminal Road address. Smith also reported that, when Talley and Pickett left the residence, Talley had a bulge in his pants pocket. With this information, the police officers followed the car used by Talley and Pickett when they drove away and eventually stopped it. The pat-down search of Talley revealed that he had 24.7 grams of cocaine hydrochloride in his pants pocket. After the cocaine hydrochloride was found on Talley, the officers searched the vehicle. This search resulted in the recovery of 105.4 grams of cocaine base on the passenger-side floorboard of the vehicle.

Both appellants testified at trial. Pickett stated that he knew nothing about the drugs found in his car. He claimed that Talley had accosted him and that, upon Talley's request, Pickett had driven Talley to a house. Talley testified that he and Pickett had planned to purchase powder cocaine; that they did buy some powder cocaine shortly after which they were arrested; and that he knew nothing about crack cocaine found in the car and had never seen it before.

The jury found both Talley and Pickett guilty, and they were

sentenced accordingly.[1]  This appeal ensued.

## II. DISCUSSION

A. *Denial of Motions to Sever*

Talley and Pickett argue that the district court erred in denying their motions for severance.  We review a district court's decision to grant or to deny a motion for severance for abuse of discretion.  *United States v. Strollar,* 10 F.3d 1574, 1578 (11th Cir.), *cert. denied,* 512 U.S. 1211, 114 S.Ct. 2688, 129 L.Ed.2d 820 (1994).  Under Rule 8(b) of the Federal Rules of Criminal Procedure, "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."  Fed.R.Crim.P. 8(b).  "There is a preference in the federal system for joint trials of defendants who are indicted together."  *Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993).  Although joinder is proper under Rule 8(b), the district court may order severance when either the defendant or the government will be prejudiced.  *See* Fed.R.Crim.P. 14 ("If it appears that a defendant or the government is prejudiced by a joinder of ... defendants ... for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.").

---

[1]Talley and Pickett requested that they be allowed to supplement their briefs on appeal if this court in a pending case held that the disparate sentencing of offenses involving crack cocaine and powder cocaine violated the Due Process Clause.  We have rejected that constitutional challenge.  *See United States v. Sloan,* 97 F.3d 1378 (11th Cir.1996).

Relying on *United States v. Rucker,* 915 F.2d 1511 (11th Cir.1990) (per curiam), Talley and Pickett argue that the district court abused its discretion in refusing to sever their trials because they interposed mutually antagonistic defenses. [2]  Our reasoning in *Rucker,* however, has been undercut severely by the Supreme Court in *Zafiro,* where four defendants were convicted for possession with intent to distribute illegal drugs.  The government agents in *Zafiro* observed defendants Garcia and Soto place a large box in Soto's car and drive from Soto's bungalow to defendant Zafiro's apartment.  The agents followed Garcia and Soto as they carried the box upstairs.  When the agents identified themselves, Garcia and Soto dropped the box, which contained fifty-five pounds of cocaine, and ran into the apartment.  The agents entered the apartment and found the four defendants inside.  The defendants moved for severance because their defenses were mutually antagonistic;  each claimed that they did not know that the box contained cocaine.

In *Zafiro,* the Court held that mutually antagonistic defenses are not prejudicial *per se.*  "Rule 14 does not require severance even if prejudice is shown;  rather, it leaves the tailoring of the

---

[2]In *Rucker,* this court held that

> A defendant may prove compelling prejudice by showing that he and his co-defendants advanced defenses so antagonistic as to be "irreconcilable or mutually exclusive."  Severance is compelled "if the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant."

*Rucker,* 915 F.2d at 1513 (alteration in original) (citations omitted).

relief to be granted, if any, to the district court's sound discretion." *Zafiro,* 506 U.S. at 538-39, 113 S.Ct. at 938. The Court held that, when defendants have been joined properly under Rule 8(b), the district court should grant Rule 14 severance only if (1) there exists "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or" (2) a joint trial would "prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539, 113 S.Ct. at 938. The Court specifically noted that limiting instructions "often will suffice to cure any risk of prejudice." *Id.*

In *Zafiro,* the Court noted that the defendants, like Talley and Pickett, did not articulate any specific instances of prejudice. Instead, the defendants argued that their defenses, consisting of claiming to be innocent and accusing the other of the crime, prejudiced them because the jury would conclude either "(1) that both defendants [were] lying and convict them both on that basis, or (2) that at least one of the two must be guilty without regard to whether the Government had proved its case beyond a reasonable doubt." *Id.* at 540, 113 S.Ct. at 938. The Supreme Court summarily rejected the alleged prejudice arising from mutually antagonistic defenses that we recognized in *Rucker* by clarifying that "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* Thus, *Zafiro* undermined *Rucker* insofar as *Rucker* held that mutually antagonistic defenses compel severance.

The Court also held that any prejudice resulting from mutually

antagonistic defenses could be alleviated by proper limiting instructions. *Id.* at 540-41, 113 S.Ct. at 939. The Court additionally noted that prejudice from mutually antagonistic defenses had not been suffered by the defendants because the government had offered sufficient evidence as to each defendant. *Id.* at 540, 113 S.Ct. at 939. In this case, the district court gave appropriate limiting instructions which cured any prejudice that may have resulted from failure to sever.[3] Furthermore, as in

[3]The district court gave the following limiting instructions regarding the jury's consideration of the evidence with respect to Talley and Pickett:

> As I told you previously, you must consider the evidence in this case separately as to each defendant. It is as though there were two separate trials that you are here considering. So, when I refer to the defendant in these instructions I will be referring to each defendant separately unless I indicate otherwise. And when you consider this case, you must consider the evidence separately as to each defendant.

> It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime or crimes charged in the indictment. You must make your decision only on the basis of the testimony and the other evidence presented here at trial.

....

> The indictment, or formal charge against the defendant, is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or to produce any evidence at all.... The government has the burden of proving a defendant guilty beyond a reasonable doubt and if it fails to do so you must find the defendant not guilty.

....

> Now, I have told you a separate crime or offense is charged against one or more of the defendants in each count of the indictment. Each offense and the

*Zafiro,* it is unlikely that the joinder of both defendants caused the jury to convict them without regard to whether the government had proved its case. We have reviewed the record and conclude that the government offered more than sufficient evidence as to each defendant. Specifically, the government presented evidence that Talley and Pickett were seen going into a house known to be a site where cocaine powder was transformed into cocaine base or crack cocaine, that Talley was in possession of cocaine upon entering the house, and that Talley and Pickett were arrested in possession of crack cocaine. Accordingly, we conclude that the district court did not abuse its discretion in denying Talley and Pickett's motions to sever.

## B. *Suppression of Evidence*

Talley and Pickett argue that the cocaine base seized from the automobile was inadmissible at trial because it was seized in violation of the Fourth Amendment. They contend that the confidential informant was so unreliable that Officer McMahon reasonably could not rely on information received from him to form probable cause to initiate the challenged search. In reviewing the district court's disposition of a motion to suppress, we review its findings of fact for clear error and its application of law to those facts *de novo.* *United States v. Diaz-Lizaraza,* 981 F.2d

---

evidence pertaining to it should be considered separately. Also, the case of each defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty of the offense charged should not affect your verdict as to any other offense or as to the other defendant.

R7-146, 147, 156.

1216, 1220 (11th Cir.1993).

The government argues that the initial stop was an appropriate investigative *Terry*[4] stop, which became an arrest based on probable cause.  The arrest permitted a valid search incident to arrest.  We reject this rationale and, instead, agree with the district court's reasoned approach.

A police officer may conduct a warrantless search of an automobile if " "(1) there is probable cause to believe the vehicle contains contraband or other evidence which is subject to seizure under the law, and (2) exigent circumstances necessitate a search or seizure.' "  *United States v. Campbell,* 920 F.2d 793, 795 (11th Cir.1991) (citation omitted);  *United States v. Banshee,* 91 F.3d 99, 102 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 752, 136 L.Ed.2d 689 (1997).  Talley and Pickett do not contest the exigent circumstances requirement;  they argue that probable cause was lacking.

> Probable cause exists " "when the facts and circumstances would lead a reasonably prudent [person] to believe that the vehicle contains contraband.' "  The Supreme Court echoed this analysis when it adopted the totality of the circumstances test for determining when information provided by an informant rises to the level of probable cause. *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527, 543 (1983).

*Campbell,* 920 F.2d at 796 (alteration in original) (citations omitted);  *see Ornelas v. United States,* --- U.S. ----, ----, 116 S.Ct. 1657, 1661, 134 L.Ed.2d 911 (1996).  We review determinations of probable cause *de novo,* but we "review findings of historical fact only for clear error and ... give due weight to inferences

---

[4]*Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

drawn from those facts by resident judges and local law enforcement officers." *Ornelas,* --- U.S. at ----, 116 S.Ct. at 1663.

The district court in this case properly focused on whether the information provided by the confidential informant, Smith, when combined with independent corroboration by the police, rose to the level of probable cause. Smith described the vehicle used by Talley and Pickett and its location to Officer McMahon. He also informed that Talley possessed cocaine when he entered the residence on Terminal Road, known to him to be a location for making cocaine base or crack cocaine, and that Talley exited the house with a bulge in his pants. Because the facts supplied by the confidential informant were independently corroborated by the police, we cannot determine that they are clearly erroneous. We conclude that the information provided by the confidential informant, when combined with the government's independent corroboration, gave rise to probable cause to believe that the vehicle driven by Pickett contained contraband and validated the search of that vehicle and the consequent recovery of the cocaine base located therein.

### III. CONCLUSION

Because the district court correctly denied Talley and Pickett's motions for severance as well as their suppression motions, the convictions of Talley and Pickett are AFFIRMED.