UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

TERRENCE THOMAS,
                    *Defendant-Appellant.*

No. 01-4176

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-00-415-S)

Submitted: September 13, 2001

Decided: October 17, 2001

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Harold I. Glaser, Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Lisa M. Turner, Assistant United States Attorney, Susan Q. Amiot, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Terrence Thomas was convicted of one count of possession with intent to distribute heroin in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), and one count of being a felon in possession of a weapon in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). On appeal he argues that: (1) the district court erred by finding that law enforcement authorities had probable cause to stop his car; (2) federal agents did not have authority to stop his car on suspicion of violating state law; and (3) his consent to search the car was not voluntary. Finding no reversible error, we affirm.

This Court reviews de novo a court's determination that probable cause was present. *United States v. Cephas*, 254 F.3d 488, 491 (4th Cir. 2001). Probable cause for a warrantless seizure is defined as facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998). A finding of probable cause is based upon a practical assessment of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Where an informant has proven to be reliable in the past and has first-hand knowledge of the criminal activity in question, then probable cause may exist. *United States v. Talley*, 108 F.3d 277, 281 (11th Cir. 1997); *United States v. Fleming*, 566 F.2d 623, 625 (8th Cir. 1977). In the instant appeal, we find, based upon the informant's reliability and the FBI agent's ability to corroborate some of the details, there was probable cause to believe that Thomas was violating the law.

We further find the FBI agent had authority to stop Thomas' car because he was working on a joint investigative task force with state and local law enforcement officials. *See* Md. Ann. Code art. 27, § 594B(h)(3)(i) (Supp. 2000). Finally, we find that if consent to conduct a search of Thomas' car was necessary, it was voluntarily given. *See, e.g.*, *United States v. Mitchell*, 209 F.3d 319, 323 (4th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*