[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-10941
Non-Argument Calendar

_____

D.C. Docket No. 03-00049-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON MORGAN ROLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 31, 2005)

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

Leon Morgan Roland appeals his conviction and sentence for possession with intent to distribute various controlled substances, in violation of 21 U.S.C. § 841(a)(1), and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Roland asserts the district court erred in (1) denying his motion to suppress evidence, and (2) setting his base offense level and sentencing him under a mandatory Guidelines system in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). The district court did not err, and we affirm.

## I. DISCUSSION

### A. *Motion to Suppress*

Roland contends the district court erred in denying his motion to suppress because the probable cause affidavit relied on the claims of three confidential informants who were corroborated only by each other. Roland asserts pyramiding information by confidential sources is inadequate where it provides the sole basis of probable cause.

We review the district court's determination of whether an affidavit established probable cause de novo, but "'take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from

2

those facts by resident judges and local law enforcement officers.'" *United States v. Jiminez*, 224 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted).

The Fourth Amendment to the U.S. Constitution provides, "no Warrants shall issue, but upon probable cause . . . ." U.S. Const. Amend. IV. "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 103 S. Ct. 2317, 2329 (1983). To establish probable cause, the affidavit must "'state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched.'" *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (citation omitted).

Because the warrant application typically focuses on whether the suspect committed a crime and whether evidence of the crime will be found at his home or business, the affidavit must contain "'sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched.'" *Id.* (citation omitted). "If an informant is mentioned in the affidavit, the affidavit also must demonstrate the informant's 'veracity' and 'basis of knowledge.'" *Id.* The Supreme Court rejected a two-pronged analysis that separately analyzed an informant's veracity and basis of knowledge, in favor of a totality-of-the-circumstances analysis, where "a deficiency in one may be

3

compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Gates*, 103 S. Ct. at 2329.

Independent police corroboration of a confidential informant's statement is not a requirement in every case. *United States v. Brundidge*, 170 F.3d 1350, 1353 (11th Cir. 1999). "An 'explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles [the confidential informant's] tip to greater weight than might otherwise be the case.'" *Id.* (citation omitted). Thus, we have upheld the validity of the probable cause affidavit where the confidential informant had provided information that had proven to be truthful and reliable in the past, *id.*; where the level of detail showed the informant was unlikely to lie because the lies would be discovered in short order, *id.* at 1353–54; where police were able to independently confirm some of the facts the informant provided, *Martin*, 297 F.3d at 1315; *United States v. Talley*, 108 F.3d 277, 281(11th Cir. 1997); and where the confidential informant made a statement against his or her penal interest to the officer, *United States v. Farese*, 612 F.2d 1376, 1378 (5th Cir. 1980).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

The Fourth Amendment's warrant requirement contains a good faith exception, and evidence should not be suppressed where it was obtained by "objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 104 S. Ct. 3405, 3419–20 (1984). "[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Id.* (internal quotations and citation omitted).

The warrant in this case was supported by probable cause. The affidavit was supported by the statements of three separate, unrelated confidential informants, two of whom made statements based upon their personal knowledge, two of whom made statements against penal interest, and all of whom each approached a different law enforcement official with his claim. Furthermore, even if probable cause did not exist, a good-faith exception to the warrant requirement existed. Officers relied upon a magistrate's judicial determination that probable cause supported the arrest. Thus, the district court did not err in denying Roland's motion to suppress.

B.     *Blakely/Booker*

Roland asserts the district court plainly erred in setting his base offense level and sentencing him under a mandatory Guidelines system. Roland did not

raise a constitutional objection to the district court's application of the Sentencing Guidelines in the district court. We "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) *petition for cert. filed*, No. 04-1148 (Feb. 23, 2005) (quotations and citations omitted).

We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements in a mandatory Guidelines system when the enhancements are neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

1.    *Sixth Amendment* Error

We have held there is no Sixth Amendment error under *Booker* where the defendant has admitted to facts later used by the district court to enhance his sentence, whether at the plea hearing, in the presentence investigation report, or at

6

sentencing. *Id.* Here, the Government filed a statement of facts setting forth the drug quantities later utilized by the probation office to set Roland's base offense level. No other enhancements were applied. At the plea hearing, Roland agreed the Government could present evidence to show the facts contained in the statement of facts were true. Because Roland admitted the drug quantities the probation office used in setting his base offense level, and no other enhancements were imposed in a mandatory Guidelines system, no Sixth Amendment violation based upon judicial factfinding occurred. *See id.*

2.  *Statutory Error*

We must also consider whether the district court erred in applying the Guidelines as mandatory. *See United States v. Dacus*, 11th Cir., 2005, __ F.3d __ (No. 04-15319, May 3, 2005). The first prong and second prongs of the plain error test are satisfied. The district court erred when it sentenced Roland under a mandatory Guidelines system and that error is plain. *See id.* However, under the third prong, where the record provides no indication the district court would have imposed a different sentence under an advisory Guidelines system as opposed to a mandatory one, the defendant cannot meet his burden to show the error affected his substantial rights. *Shelton*, 400 F.3d at 1299–1300.

Here, the record provides no indication the district court would have imposed a different sentence if it were not constrained by the mandatory nature of the Guidelines. Accordingly, Roland cannot meet his burden to show any error based upon the district court's treatment of the Guidelines as mandatory affected his substantial rights.

## II. CONCLUSION

The district court did not err in denying Roland's motion to suppress evidence. Additionally, Roland cannot meet his burden to show any *Booker* error affected his substantial rights..

**AFFIRMED.**