[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12659
Non-Argument Calendar

_____

D. C. Docket No. 05-14094-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES ROBINSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 27, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Willie James Robinson ("Robinson") appeals his conviction for

knowingly and intentionally possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On appeal, Robinson argues that the district court erred in denying his motion to suppress evidence obtained pursuant to a search warrant because the affidavit submitted by police to obtain the search warrant did not establish probable cause, and he also contends the good faith exception to the search warrant requirement does not apply.

We review the district court's determination of whether an affidavit established probable cause *de novo*, and review the district court's findings of fact for clear error. *United States v. Jiminez*, 224 F.3d 1243, 1248 (11th Cir. 2000). We give "great deference" to a district court's determination of probable cause. *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999) (citation omitted). We also review *de novo* whether the good faith exception to the exclusionary rule applies to a search, reviewing findings of fact for clear error. *United States v. Robinson*, 336 F.3d 1293, 1295 (11th Cir. 2003).

The Fourth Amendment to the U.S. Constitution provides, "no Warrants shall issue, but upon probable cause . . . " U.S. CONST. Amend. IV. The U.S. Supreme Court has noted that probable cause is a "fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even

2

usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232, 103 S. Ct. 2317, 2329, 76 L. Ed. 2d 527 (1983). To establish probable cause, an affidavit submitted to obtain a search warrant must state facts that are "'sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched.'" *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (citation omitted). Because the warrant application typically focuses on whether the suspect committed a crime and whether evidence of the crime will be found at his home or business, we have held that the affidavit must contain "'sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched.'" *Martin*, 297 F.3d at 1314 (citation omitted). Where an informant is mentioned in the affidavit, the affidavit also must demonstrate the informant's "veracity" and "basis of knowledge." *Id.*

In *Gates*, the Supreme Court rejected a two-pronged analysis that separately analyzed an informant's veracity and basis of knowledge, in favor of a totality-of-the-circumstances analysis, where "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing in the other, or by some other indicia of reliability." *Gates*, 462 U.S. at 233, 103 S. Ct. at 2329. We have held that independent police corroboration of a confidential informant's

3

statement is not a requirement in every case. *Brundidge*, 170 F.3d at 1353. "An 'explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles the [confidential informant's] tip to greater weight than might otherwise be the case.'" *Id.* (citation omitted). Thus, we have upheld the validity of the probable cause affidavit where the confidential informant had provided information that had proven to be truthful and reliable in the past and where the level of detail showed that the informant was unlikely to lie because the lies would be discovered in short order, *Brundidge*, 170 F.3d at 1353-54; where police were able to independently confirm some of the facts that the informant provided, *Martin*, 297 F.3d at 1315; *United States v. Talley*, 108 F.3d 277, 281(11th Cir. 1997); and where the confidential informant made a statement against his or her penal interest to the officer, *United States v. Farese*, 612 F.2d 1376, 1378 (5th Cir. 1980).

The Fourth Amendment's warrant requirement contains a good faith exception, and evidence should not be suppressed where it was obtained by "objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922, 104 S. Ct. 3405, 3420, 82 L. Ed. 2d 677. "[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Id.* at 922,

4

104 S. Ct. at 3420 (internal quotation omitted). However, the good-faith exception to the warrant requirement does not apply where (1) the magistrate or judge in issuing a warrant "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," (2) the issuing magistrate "wholly abandoned his judicial role,"or (3) the affidavit was "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."' *Id.* at 923, 104 S. Ct. at 3421 (citation omitted).

Here, the totality of the circumstances indicate there was probable cause to issue the search warrant. *See Gates*, 462 U.S. at 233, 103 S. Ct. at 2329. After police discovered crack cocaine in James Hargray's vehicle, Hargray agreed to tell police where he had obtained the drugs. Detectives included this information in an affidavit used for obtaining the search warrant. The affidavit contained information that indicated Hargray was unlikely to lie because detectives could discover if he was lying in short order. *See Brundidge*, 170 F.3d at 1353-54. Hargray provided specific details about where and when he had obtained the cocaine. Hargray's description of Robinson's house was corroborated when two detectives accompanied Hargray to Robinson's home to verify the structure, occupants, and vehicles parked in the driveway. The affidavit also indicated that

5

Hargray's statements were reliable because he had implicated himself in a conspiracy to possess and distribute cocaine.

Even assuming, *arguendo*, that the affidavit did not set forth probable cause to issue the warrant, the district court correctly determined that the good faith exception to the exclusionary rule from *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, applied. The detective who obtained the warrant was neither dishonest nor reckless in his affidavit for procuring a search, and his belief that probable cause existed was objectively reasonable. The detective knew that if Hargray lied to police, he knew any opportunity he may have had for obtaining a "break" would dissipate rapidly. Also, Hargray provided details regarding his purchase of cocaine at the described location just 20 minutes before the traffic stop. Further, his descriptions of the location and occupants of the premises to be searched were specific and based on personal observations. Accordingly, we conclude from the record that Robinson has failed to show that the district court erred in denying his motion to suppress evidence. For that reason, we affirm Robinson's conviction.

**AFFIRMED.**