946 So.2d 558 (2006)
Gerald D. GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-6092.
District Court of Appeal of Florida, First District.
December 8, 2006.
*559 Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, Terry P. Roberts, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant pled no contest to the manufacture of methamphetamine after the trial court denied his motion to suppress the physical evidence obtained pursuant to a search warrant issued for appellant's camper. Appellant argues on appeal that the trial court erred in denying his motion to suppress because the affidavit in support of the search warrant relies on three separate anonymous tips to create probable cause without establishing the informants' veracity. Because we hold that under the totality of the circumstances the affidavit provided sufficient probable cause *560 for the issuance of a search warrant, we affirm.

BACKGROUND
On June 28, 2005, an application and affidavit for search warrant was filed by Investigator Jake Richards and provided the following relevant information:
Your Affiant states that on June 6, 2005, Deputy Greg Skipper developed a source of information that advised him of a man named "Dean," who was staying in Parker Farm Campground, was manufacturing methamphetamine in his camper. Your Affiant states directions were given to Deputy Skipper, by this source of information, to the camper. Your Affiant states that the source of information has ties to the campground. Your Affiant states the source of information stated that "Dean" had cooked up or manufactured. Your Affiant states the source of information further stated he/she could smell chemical smells at night coming from the camper, which is the dwelling to be searched. Your Affiant further stated that "Dean" drives a 1970's model maroon van.
Your Affiant states that based upon this information, Your Affiant traveled to Parker Farm Campground. Your Affiant states following the directions provided by the source of information, Your Affiant located the camper that was described to Deputy Skipper. Your Affiant states that parked in front of this camper, which is the dwelling to be searched, was a maroon in color van that displayed Florida tag number 105442. Your Affiant states that a check with the Department of Highway Safety and Motor Vehicles computer system show [sic] this vehicle to be registered to a subject identified as Gerald Dean Green. Your Affiant states a check on the criminal history of Gerald Dean Green shows that he has prior arrests for narcotics related offenses.
Your Affiant states that on June 8, 2005, Your Affiant received a fax form [sic] CrimeStoppers in reference to Dean Green. Your Affiant states this tip stated that Green lived in a camper at Parker Farm Campground and that he was cooking methamphetamine in the camper, which is the dwelling to be searched, and further stated he kept his lab in a cabinet in the camper bathroom.
Your Affiant states that on June 24, 2005, Your Affiant was contacted by Captain Rickie Ramie of the Bay County Sheriff's Office Special Investigations Division. Captain Ramie stated he was contacted by Lieutenant Rad Nelson of the Bay County Sheriff's Office Field Services Division who had developed a source that had information about a subject known to the source as Dean Green who lived in Wewahitchka. Your Affiant states that on June 24, 2005, Your Affiant spoke with the confidential informant who stated that he/she had been inside the residence of Dean Green, which is the dwelling to be searched, on several occasions and had observed Green manufacturing methamphetamine within the dwelling to be searched. Said confidential informant stated that Green explained to him/her that Green had been manufacturing methamphetamine for the past twenty (20) years and that he did not plan to stop. Said confidential informant further stated that Green manufactures or "cooks" methamphetamine two or three times per week and always has finished methamphetamine on hand. Said confidential informant further stated that Green keeps most of the components for the methamphetamine laboratory in the dwelling to be searched and some additional components in the storage area on the outside of the trailer. Your Affiant further *561 states the items described by the confidential informant included acetone, muriatic acid, and pseudoephedrine based cold medicines. Your Affiant further states the confidential informant made these observations within the dwelling to be searched within the past twenty day period.
A search warrant was issued, and a large number of items were seized from appellant's residence that formed the basis for the charge.
Prior to trial, appellant filed a motion to suppress arguing that the search warrant was insufficient on its face and it was based on information from confidential sources whose reliability was not established within the probable cause affidavit. The trial court denied the motion, and appellant pled no contest to the charge, reserving the right to appeal the denial of the motion to suppress, which the parties stipulated was dispositive. On November 15, 2005, appellant was adjudicated guilty and was sentenced to five years probation. On appeal, appellant challenges whether the affidavit supplied sufficient probable cause for issuance of a search warrant.

ANALYSIS
In determining whether probable cause exists to justify a search, the trial court must make a judgment based on the totality of the circumstances, as to whether the information given indicates a fair probability that contraband will be found in a particular place and time. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The Gates Court stated:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.
State v. Peterson, 739 So.2d 561, 564 (Fla. 1999) (quoting Gates, 462 U.S. at 238-39, 103 S.Ct. 2317). "Because the sufficiency of the search warrant is an issue of law, this court must review the trial court's order by the de novo standard." State v. Eldridge, 814 So.2d 1138, 1140 (Fla. 1st DCA 2002).
"Hearsay information provided by a confidential informant can be sufficient to support a search warrant, see State v. Wolff, 310 So.2d 729, 733 (Fla.1975), provided the affidavit satisfies the Gates test. See State v. Butler, 655 So.2d 1123, 1126-30 (Fla.1995)." Peterson, 739 So.2d at 564. As provided in Gates, "`[v]eracity' and `basis of knowledge' are among the factors to be considered in assessing the reliability of an informant's information." Id. These elements should not "be understood as entirely separate and independent requirements to be rigidly exacted in every case," but should "be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is `probable cause' to believe that contraband or evidence is located in a particular place." Gates, 462 U.S. at 230, 103 S.Ct. 2317. The elements are "relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of the tip, by a strong showing as to the other, or by some other indicia of reliability." Id. at 233, 103 S.Ct. 2317.
In this case, the affidavit did not allege that any of the three confidential sources had been used before by law enforcement *562 or that the information they provided was reliable. However, because this case involved three confidential informants, "the credibility of each was bolstered by information imparted by the other[s], especially where there was independent verification." State v. Enstice, 573 So.2d 340, 342 (Fla. 5th DCA 1990) (citing Rowell v. State, 544 So.2d 1089, 1092 (Fla. 1st DCA 1989)). In this case, the affiant independently investigated the first tip and found appellant's camper and van from the description, and verified that the van was indeed owned by appellant. Additionally, the affiant did a check on the criminal history of appellant and found that he had prior arrests for narcotics related offenses. This investigation corroborates the third informant's statements that appellant said that he had been manufacturing methamphetamine for the past twenty years and did not plan to stop.[1]
Additionally, the three confidential informants provided information independently through different means. See United States v. Roland, 133 Fed.Appx. 660 (11th Cir.2005) (finding that an affidavit provided sufficient probable cause for the search warrant issued where "[t]he affidavit was supported by the statements of three separate, unrelated confidential informants, two of whom made statements based upon their personal knowledge, two of whom made statements against penal interest, and all of whom each approached a different law enforcement officer with his claim"). The first informant provided information to Deputy Greg Skipper. The second informant faxed his or her information to CrimeStoppers. The third informant provided information to Lieutenant Rad Nelson of the Bay County Sheriff's Office.
In addition, Gates provides that "even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with the statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case." Gates, 462 U.S. at 234, 103 S.Ct. 2317. In this case, two of the informants had personal knowledge of the alleged wrongdoing. The first informant stated that he or she could smell chemical smells at night coming from appellant's camper. The third informant stated that he or she had been inside the residence of appellant on several occasions and observed appellant manufacturing methamphetamine. Further, this third informant gave an explicit and detailed description of the alleged wrongdoing. The informant said that appellant told him or her that he had been manufacturing methamphetamine for 20 years and did not plan to stop. Additionally, the informant stated that appellant cooked methamphetamine two or three times a week and always had the finished product on hand. The informant stated that appellant keeps most of the components in the dwelling and some in an outside trailer. The informant further described some of the components including acetone, muriatic acid, and pseudoephedrine based cold medicines.
When taken together, the above facts provide sufficient evidence of the informants' *563 reliability pursuant to Gates. Accordingly, there was sufficient probable cause for the issuance of a search warrant.
Therefore, the search warrant issued in this case was supported by sufficient probable cause based on the totality of the circumstances, and the trial court did not err in denying appellant's motion to suppress. Accordingly, we affirm.
AFFIRMED.
BARFIELD, PADOVANO, and POLSTON, JJ., concur.
NOTES
[1] Prior appellate decisions have provided that the verification of innocent details such as the location of the residence as described by the confidential informant does not establish the veracity of the confidential informant. See McNeely v. State, 690 So.2d 1337 (Fla. 1st DCA 1997); Gillette v. State, 561 So.2d 4 (Fla. 5th DCA 1990). However, in this case, the affiant did not rely only on the verification of the location of appellant's camper and vehicle, but also found that appellant had prior arrests for narcotics related offenses. Additionally, unlike the cited cases, the affiant also relied on tips from two other informants which corroborated the first tip.