[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17107
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 4, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 08-60016-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON WALL, IV,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 4, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Aaron Wall, IV, appeals his convictions and sentences for conspiracy to

possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and attempt to possess with intent to distribute said amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. After review, we affirm.

## I.  BACKGROUND FACTS

Wall was arrested as part of an undercover operation by Drug Enforcement Agency ("DEA") agents. DEA agents recorded several telephone conversations between a confidential source and defendant Wall's codefendant, Robert Allan, in which the confidential source offered to sell Allan eight kilograms of cocaine. Allan agreed to travel from Georgia to South Florida to buy the cocaine for $148,000. During the trip, Allan indicated to an undercover DEA agent, posing as the cocaine supplier, that Allan was traveling with another person. While Allan was driving, the DEA agent spoke with the unnamed individual on the phone, giving him directions to the meeting location and taking a description of the vehicle they were driving.

At the pre-arranged meeting location, Allan arrived in a truck driven by defendant Wall. Wall dropped Allan off and parked a distance away. While meeting with the undercover DEA agent, Allan received a series of phone calls from Wall and eventually directed Wall to drive the truck over to the meeting

2

location. Once the truck arrived, Allan opened the back of the truck to show the DEA agent the money to purchase the cocaine. At that point, DEA agents arrested both men.

During a search, DEA agents found nine plastic bags containing a total of $148,000 in the back of the truck. Later, during an inventory search, DEA agents found an additional plastic bag containing $24,000 in a storage compartment.

Shortly after their arrest, Allan and Wall were transported to a nearby DEA office. Allan cooperated with DEA agents and admitted that the two men had traveled from Georgia to South Florida to purchase drugs, although he identified the drug as marijuana. After being advised of his Miranda[1] rights, Wall made a brief statement to the effect that he had to pay the bills.

A grand jury indicted Allan and Wall on charges of conspiracy and attempt to possess with intent to distribute cocaine. Allan pled guilty to the conspiracy count and agreed to testify against Wall at trial. Pursuant to Allan's plea agreement, the government agreed to recommend guidelines reductions in Allan's sentence for acceptance of responsibility and safety-valve relief, which would yield an advisory guidelines range of 70 to 87 months' imprisonment. At sentencing, Allan received a 70-month sentence, which was later reduced to 39 months upon

---

[1]Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).

the government's Rule 35 motion to reduce his sentence.

Prior to trial, defendant Wall filed a motion to suppress his post-arrest statements and the evidence seized from his truck. Wall argued that there was no probable cause to arrest him and that the evidence and post-arrest statements should be suppressed as the fruit of an illegal seizure. At a suppression hearing, three law enforcement officers testified about the undercover operation and the arrest of Allan and Wall. Afterward, the district court concluded that probable cause supported the arrest and denied Wall's motion to suppress the evidence found in Wall's vehicle and his post-arrest statements.[2]

During a two-day jury trial, the government presented testimony from three DEA agents and an officer with the Broward County Sheriff's Office who participated in the undercover investigation and arrest. The government also called codefendant Allan, who testified about how he and Wall borrowed money and traveled from Georgia to South Florida to purchase cocaine. According to Allan, Wall actively participated in the planning of the drug transaction and procured the money for the transaction in Vero Beach during the trip from Georgia to South Florida. The government introduced (1) a videotape of the meeting between the undercover DEA agent and Allan and Wall, and (2) a hotel receipt indicating Wall

[2]The district court granted Wall's request to suppress evidence of text messages found on his cell phone. This ruling is not challenged on appeal.

4

had paid cash for a room in Vero Beach the night before the meeting. After the government rested, Wall rested without presenting any evidence. Wall's motion for a judgment of acquittal was denied. After jury deliberations, the jury returned a guilty verdict on both counts of the indictment.

Wall's presentence investigation report ("PSI") recommended an advisory guidelines range of 121 to 151 months' imprisonment. Wall did not object to the PSI's guidelines calculations. At sentencing, Wall's wife spoke on his behalf. Wall then requested that the district court impose the mandatory minimum 120-month sentence. See 21 U.S.C. § 841(b)(1)(A). Denying his request, the district court imposed a 144-month sentence. In pronouncing the sentence, the district court noted that, after considering the parties' statements and the 18 U.S.C. § 3553(a) factors, it concluded that a midrange sentence was "sufficient to deter future criminal conduct, to provide sufficient punishment, and hopefully to promote respect for the law." Wall filed this appeal.

## II. DISCUSSION

### A. Motion to Suppress

Wall argues that the district court erred in denying his motion to suppress the evidence seized incident to his arrest, including his post-arrest statements.[3]

---

[3]A district court's ruling on a motion to suppress presents "a mixed question of law and fact." United States v. Steed, 548 F.3d 961, 966 (11th Cir. 2008). We review the district court's

Wall contends he was merely present at the time of the offense and DEA agents never heard him discussing or negotiating for the cocaine.[4]

Under the Fourth Amendment, officers may effectuate a warrantless arrest in public where there is probable cause to believe that a felony has occurred. United States v. Goddard, 312 F.3d 1360, 1362-63 (11th Cir. 2002). Law enforcement officers have probable cause to arrest when the facts and circumstances within their collective knowledge, "or of which they have reasonably trustworthy information, would cause a prudent person to believe that the suspect has committed or is committing an offense." Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997) (en banc).

"For probable cause to exist, . . . an arrest must be objectively reasonable based on the totality of the circumstances." United States v. Street, 472 F.3d 1298, 1305 (11th Cir. 2006) (quotation marks omitted, alternation in original). While presence alone is not sufficient to constitute probable cause, "presence and

---

factual findings for clear error, construing all facts in the light most favorable to the prevailing party below, and its application of the law to those facts de novo. Id. Accordingly, we review "determinations of probable cause de novo, but we review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." United States v. Talley, 108 F.3d 277, 281 (11th Cir. 1997) (quotation marks omitted, alteration in original).

[4]Although Wall argues that his post-arrest statement must be suppressed because it was obtained through exploitation of his unlawful arrest, he does not challenge the admission of his post-arrest statement pursuant to Miranda and the Fifth Amendment.

6

additional factors that would lead a prudent person to believe that an offense has been or is being committed is sufficient." United States v. Irurzun, 631 F.2d 60, 63 (5th Cir. 1980).[5] In determining if such a reasonable belief exists, we may consider the involved officers' experience, because "[c]onduct innocent in the eyes of the untrained may carry entirely different 'messages' to the experienced or trained observer." United States v. Gonzalez, 969 F.2d 999, 1003-04 (11th Cir. 1992) (quotation marks omitted).

Here, the district court correctly concluded there was sufficient evidence to establish probable cause to arrest Wall. Testimony at the suppression hearing showed that during the course of the DEA's operation, the officers collectively learned that: (1) Allan was traveling to South Florida with a companion on a drug-buying venture; (2) Allan's companion received the directions to the transaction location and gave agents identifying information about his truck; (3) once Allan and Wall arrived at the meeting location, Wall sat in the truck approximately 200 yards away, apparently exchanging a series of telephone calls with Allan while Allan made contact with the undercover agent; (4) Allan subsequently directed Wall to drive the truck, which contained the drug money, to the transaction site; (5)

---

[5]This Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

7

when Wall arrived, Allan told Wall he was showing the money to the undercover agent; (6) Wall was looking in the direction of the money as Allan displayed it to the undercover agent; and (7) it is a common practice during drug transactions to keep drugs and money separate in order to prevent theft.

Given the totality of the circumstances and the officers' experience, the agents were justified in believing that Wall was not simply an unwitting companion, but a knowing and willing participant in the drug transaction. Accordingly, there was probable cause to arrest Wall, and the district court did not err in denying Wall's motion to suppress the evidence and post-arrest statement.

**B.      Sufficiency of the Evidence**

Wall argues that the evidence was insufficient to sustain his convictions. Wall contends that the evidence showed that he was merely present when Allan committed the drug offense and not that he was an active participant.[6]

The evidence is sufficient to support a conviction if a reasonable jury could conclude that it established guilt beyond a reasonable doubt. United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007), cert. denied, 128 S.Ct. 2962 (2008). Therefore, we will reverse only if no reasonable trier of fact could have

---

[6]This Court reviews de novo whether the record contains sufficient evidence to support a jury's verdict. United States v. Jiminez, 564 F.3d 1280, 1284 (11th Cir. 2009). In assessing the sufficiency of evidence, the evidence is viewed "in the light most favorable to the government, drawing all reasonable factual inferences in favor of the jury's verdict." Id.

8

found guilt beyond a reasonable doubt.  United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004).

To convict a defendant for conspiracy to possess with intent to distribute cocaine, the government must prove beyond a reasonable doubt that (1) a conspiracy existed, (2) that the defendant knew of the essential objectives of the conspiracy, and (3) that the defendant knowingly and voluntarily participated in the conspiracy.  United States v. Calderon, 127 F.3d 1314, 1326 (11th Cir. 1997). Likewise, to sustain a conviction for attempted possession of cocaine with intent to distribute, the government must prove that the defendant "(1) acted with the kind of culpability required to possess cocaine knowingly and willfully and with intent to distribute it; and (2) engaged in conduct which constitutes a substantial step toward the commission of the crime under circumstances strongly corroborative of [his] criminal intent."  United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001).[7]

Viewing the evidence in the light most favorable to the government and the jury's verdict, a reasonable jury could have found beyond a reasonable doubt that Wall was a knowing and active participant in the conspiracy and attempt to

_____

[7]Since knowledge and intent are required for both conspiracy and attempt to possess cocaine with intent to distribute, and Wall does not challenge his convictions in terms of their actus reus, both offenses will be treated together.  See Calderon, 127 F.3d at 1326; McDowell, 250 F.3d at 1365.

9

purchase more than five kilograms of cocaine with intent to distribute. According to codefendant Allan's testimony, Wall was not only aware of and intimately involved with the decision to purchase narcotics, but he facilitated the venture by acquiring the necessary funds and delivering those funds to the transaction site. Moreover, Allan's testimony was uncontradicted by the other evidence offered at trial, and was substantiated in part by the audiovisual recordings made by the officers and the hotel receipt indicating that Wall rented the hotel room in Vero Beach. Ultimately, the jury was entitled to credit Allan's testimony and infer that Wall was complicit in the charged offenses. See Jiminez, 564 F.3d at 1285; Calderon, 127 F.3d at 1324. Contrary to Wall's suggestion, Allan's testimony was not facially unbelievable or incredible as a matter of law. In addition, the fact that Allan personally benefitted from his cooperation with the government does not negate the jury's prerogative to believe or disbelieve his testimony. See Calderon, 127 F.3d at 1324-25.

In addition, a reasonable jury could have inferred Wall's knowledge and intent from the circumstances surrounding his presence at the scene of the crime. The evidence showed that Wall was not only present at the transaction, but that he drove the vehicle containing the drug money to the meeting location, he personally exchanged information with the undercover agent regarding the designated

10

location and means of identifying one another, and he was present when his codefendant displayed the money after being notified that it was going to be revealed to the undercover agent. In light of the surrounding circumstances, Wall's actions further permit a reasonable jury to infer knowing and voluntary participation in the conspiracy and attempt to possess the narcotics. See United States v. Lluesma, 45 F.3d 408, 410 (11th Cir. 1995); United States v. Bain, 736 F.2d 1480, 1485 (11th Cir. 1984).

## C. Reasonableness of Wall's Sentences

We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances. Id. The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[8] We ordinarily

---

[8]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

11

expect that a sentence within the advisory guidelines range will be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Wall argues that his sentence was procedurally and substantively unreasonable. Procedurally, Wall contends that the district court failed to give sufficient reasons for a mid-range sentence, as required by § 3553(c)(1), failed to consider mitigating circumstances, and failed to consider the need to avoid unwarranted sentencing disparities. Substantively, Wall claims that the district court's procedural errors resulted in a sentence that was substantively unreasonable.

Here, Wall has not met his burden to show that his 144-month sentence is procedurally unreasonable. Wall does not dispute that his advisory guidelines range was properly calculated. In selecting a sentence, the district court expressly acknowledged that it had considered the parties' statements and all of the § 3553(a) factors. The district court explained that it determined that a midrange sentence was necessary to deter future criminal conduct, provide sufficient punishment, and promote respect for the law. Thus, the district court did not fail to comply with § 3553(c)(1). Contrary to Wall's assertions, § 3553(c)(1) did not require the district court to articulate its consideration of each of the § 3553(a) factors. See United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006).

12

We also reject Wall's argument that his 144-month sentence, in the middle of the advisory guidelines range of 121 to 151 months, is substantively unreasonable. The difference between Wall's sentence and Allan's sentence reflects that Allan pled guilty and received reductions arising from his acceptance of responsibility and the safety-valve provision. Plus, Allan cooperated with the government in prosecuting Wall. The district court was within its discretion to conclude that the mitigating factors Wall points out–his personal history, characteristics and role in the offense–were outweighed by the need to provide just punishment for such a serious offense, to deter him from future criminal conduct and to promote respect for the law. See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) ("[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.") (quotation marks omitted). Under the totality of the circumstances, we cannot say the district court abused its discretion in imposing a sentence in the middle of the advisory guidelines range.

**AFFIRMED.**