[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12583
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00113-WSD-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY D. DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 25, 2011)

Before EDMONDSON, CARNES, and FAY, Circuit Judges.

PER CURIAM:

Timothy D. Davis appeals his convictions after pleading guilty under a plea

agreement to being a convicted felon in possession of a firearm, 18 U.S.C.

§ 922(g)(1), and possessing a stolen firearm, 18 U.S.C. § 922(j).[1]  He challenges

the district court's denial, in part, of his motion to suppress evidence, contending

that the court erred in finding that probable cause existed to arrest him for opening

or consuming an alcoholic beverage within 100 feet of a store selling such

beverages in package form, in violation of Atlanta Code § 10-7(a).  He argues that

because there was no probable cause for that arrest, the two guns discovered on his

person during a search incident to his arrest and the post-Miranda[2] statements he

made to law enforcement agents were inadmissible.

I.

At the suppression hearing before the magistrate judge, the government

called Senior Officer Christopher Lanier of the Atlanta Police Department to

testify about the circumstances of Davis' arrest.  Lanier, who is assigned to a

street-level police drug unit, stated that he and three fellow officers had been

patrolling one of their regular areas when they pulled into the parking lot of a

commercial shopping center.  Lanier saw several people, including Davis,

standing in front of the "Old Simpson Road Store," a package store.  The group

---

[1] The plea agreement was conditional in that it allowed Davis to appeal the denial of his motion to suppress evidence.

[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).

was drinking, and Lanier focused on Davis, who was some 20 to 30 yards away and holding a "long, slender" colored-glass bottle, which was "pretty obvious[ly]" a beer, "a Heineken or something like that." On cross-examination Lanier confirmed that he had seen Davis put the bottle "up to his lips" and that it "looked like he was drinking it." According to Lanier, when Davis saw the police car, he "had a very extreme reaction," and turned around quickly and walked into the store. Leaving his police car, Lanier ordered Davis to come back outside, intending to arrest him for violating the Atlanta ordinance forbidding consumption of alcohol within 100 feet of a package store. Davis complied, and Lanier grabbed one of Davis' arms in order to handcuff him. At that point Lanier felt a gun in one of Davis' pockets. After a full pat-down, Lanier found a second gun in another pocket.

Davis also testified at the suppression hearing, asserting that the bottle he was seen with was actually a Sharp's "Non-Alcoholic Beer"; that he had not had a chance to drink from it before he was arrested; and that he did not turn and run back to the store after he saw the police. In his version of events, he never saw the police until Lanier summoned him back outside to arrest him. Davis claims he had gone back in the store as the police arrived only because he was told there was a telephone call for him.

The actual bottle Davis was seen with was not entered into evidence at the hearing or preserved by the police. One other police officer and an investigator for the Federal Public Defender's office testified, and the parties then submitted briefs to the court. The magistrate judge's report and recommendation concluded that Lanier and the other officers had probable cause to arrest Davis on the Atlanta code violation and that the resulting search incident to arrest, which had revealed the two firearms, was thus not in violation of the Fourth Amendment. In reaching that conclusion, the magistrate judge observed:

> [T]he evidence shows that Defendant was drinking or about to drink what to all appearances was a beer. Even if the Court accepts Defendant's testimony that the beer was nonalcoholic, it was still a beer, and only by a careful examination of the bottle could the officer have discovered it was "nonalcoholic."

The magistrate judge further noted that even the photograph of a Sharp's beer label that Davis had used as an exhibit at the hearing indicated that Sharp's contained "less than 0.5 % alcohol" and was not, therefore, "completely nonalcoholic."

The district court adopted the magistrate judge's report and recommendation, overruling Davis' objections and denying his motion to suppress the guns and post-Miranda statements.

4

## II.

In reviewing the denial of a motion to suppress evidence, we employ a mixed standard of review:  we accept the district court's findings of fact unless they are clearly erroneous and consider de novo the district court's application of the law to the facts.  United States v. Gil, 204 F.3d 1347, 1350 (11th Cir. 2000); see also United States v. Talley, 108 F.3d 277, 281 (11th Cir. 1997) (holding that our review of findings of historical fact is "only for clear error and [we] give due weight to inferences drawn from those facts by resident judges and local law enforcement officers") (quotation marks and ellipsis omitted)).  When considering a ruling on a motion to suppress, we construe all facts in the light most favorable to the party that prevailed in the district court, which as to the issue here, was the government.  See United States v. Hromada, 49 F.3d 685, 688 (11th Cir. 1995).

"For probable cause to exist, an arrest must be objectively reasonable based on the totality of the circumstances."  United States v. Street, 472 F.3d 1298, 1305 (11th Cir. 2006) (quotation and ellipsis omitted)  "Because sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment, probable cause itself is a doctrine of reasonable probability and not certainty."  Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997) (en banc) (quotations and citation omitted) (addressing a federal habeas petition).

III.

Construing the evidence in the light most favorable to the government, we find no error, let alone a clear one, in the district court's findings of fact. And we conclude that given those facts, Officer Lanier had an objectively reasonable belief, based on the totality of the circumstances, that Davis had violated Atlanta Code § 10-7(a). Because the arrest was legal, the warrantless search incident to it, during which the firearms were discovered, was valid. Finally, because the district court did not err in finding probable cause, we decline to address Davis' argument that the post-<u>Miranda</u> statements he made to law enforcement officers were inadmissible because they were tainted by an illegal arrest.

**AFFIRMED.**