[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2003
THOMAS K. KAHN
CLERK

No. 02-13686

D. C. Docket No. 01-00062-CR-8-T

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERSCHEL LAVON ROBINSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(July 9, 2003)**

Before DUBINA, BLACK and HULL, Circuit Judges.

BLACK, Circuit Judge:

Defendant-Appellant Herschel Lavon Robinson appeals his conviction for possession with intent to distribute 500 grams or more of cocaine. Robinson contends the district court erred in denying his motion to suppress evidence recovered from a search of his residence with a warrant issued without probable cause. We conclude, however, that the district court did not err in denying the motion to suppress, because evidence from the search warrant was properly admitted pursuant to the "good faith" exception to the exclusionary rule. Therefore, we affirm.[1]

I.

A federal grand jury returned an indictment charging Robinson with one count of conspiracy to manufacture 50 grams or more of cocaine base and to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)(II), and 846; and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(ii)(II), and 18 U.S.C. § 2.

Prior to trial, Robinson filed a motion to suppress evidence recovered during a search of his residence that resulted in the charged offenses. Robinson

---

[1]Robinson also asserts on appeal that the district court erred in admitting evidence of prior searches of Robinson's residence pursuant to Fed. R. Evid. 404(b). We have considered Robinson's argument and affirm on this issue without further discussion. *See* 11th Cir. R. 36-1.

argued the affidavit filed in support of the warrant for the search did not establish probable cause for its issuance because the affidavit contained stale information. He also contended this information was neither updated nor substantiated by evidence retrieved from more recent "trash pulls" from a multi-family trash receptacle.

St. Petersburg Police Detective Paul Cooke declared in his affidavit that, on November 7, 2000, a confidential source (CS) informed him the CS had observed Robinson cooking, packaging, and distributing powder cocaine in Robinson's residence. The affidavit also stated that, on March 12, 2000, Detective Fred Busch of the Pinellas County Sheriff's Office debriefed a different CS, who also stated Robinson was known to cook cocaine in his residence, was a "big source of supply for crack cocaine," and was "known to have up to kilo quantities at a time." Detective Cooke declared he independently verified this information and he discovered Robinson had several prior convictions for the sale and possession of cocaine. Detective Cooke further declared that, on January 11 and January 25, 2001, he conducted two "trash pulls" from a multi-family trash receptacle located on the public right-of-way at the rear of Robinson's residence, and recovered mail addressed to Robinson, latex gloves, and a large ziplock baggie with a "white powdery substance." Detective Cooke stated in his affidavit that the gloves and

3

baggie, which he delivered to the Pinellas County Forensic Laboratory, tested positive for trace amounts of cocaine.

The district court conducted a hearing at which Robinson argued the affidavit supporting the search warrant, issued by a Florida Circuit Court on January 29, 2001, did not support a finding of probable cause. Robinson also argued that the good faith exception set forth in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984), was not applicable because Detective Cooke had been a member of the search team and should have recognized that his affidavit was so lacking in indicia of probable cause as to make his belief in the existence of probable cause unreasonable. Robinson asserted the district court could only look at the "four corners of the affidavit."

The Government responded the warrant was supported by probable cause, or, in the alternative, Detective Cooke reasonably relied in good faith on the issuance of the warrant in conducting the search. The Government also informed the district court that, if it wished to hear evidence outside of the "four corners of the affidavit," Detective Cooke was in the courtroom and could testify that during both trash pulls, he retrieved evidence from individual trash bags containing items indicating the trash had come from Robinson's residence.

The district court denied the motion to suppress. It determined the affidavit was insufficient to establish probable cause because: (1) the information provided in March and November 2000 was stale; (2) Detective Cooke failed to show how he independently verified the information; and (3) the trash pulls in January 2001 were conducted from a multi-family trash receptacle. The district court went on to conclude, however, that Detective Cooke's reliance on the issuance of the warrant was objectively reasonable because his affidavit was not so lacking in indicia of probable cause that it would render his belief in its existence unreasonable. The case proceeded to trial and the jury found Robinson guilty of possession with intent to distribute 500 or more grams of cocaine.[2]

## III.

Robinson contends on appeal the district court erred in concluding, pursuant to the good faith exception in *Leon*, that Detective Cooke's execution of a search warrant issued without probable cause was objectively reasonable.[3] We review *de novo* whether the *Leon* good faith exception to the exclusionary rule applies to a search, but "the underlying facts upon which that determination is based are

---

[2]The jury was unable to reach a verdict on the conspiracy count.

[3]We conclude evidence from the search was properly admitted under the *Leon* good faith exception, and we therefore do not decide whether the district court erred in finding no probable cause. *See Leon*, 468 U.S. at 905; 104 S. Ct. at 3411.

binding on appeal unless clearly erroneous." *United States v. Martin*, 297 F.3d 1308, 1312 (11th Cir.), *cert. denied*, 123 S. Ct. 667 (2002) (quotation and citation omitted).

The Supreme Court's decision in *Leon* "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." *Id.* at 1313.[4]  Under this good faith exception to the exclusionary rule, suppression is necessary "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.*  (quotation and citation omitted).

Under *Leon*, "searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922, 104 S. Ct. at 3420 (quotation and citation omitted).  Nevertheless, "it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued."

---

[4]Under the exclusionary rule, evidence seized as a result of an illegal search generally may not be used by the government in a subsequent criminal prosecution. *See Weeks v. United States*, 232 U.S. 383, 34 S. Ct. 341 (1914).

*Id.* at 922-23, 64 S. Ct. at 3420. *Leon*'s good faith exception, therefore, does not apply to the following situations: (1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient—*i.e.*, in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid. *Martin*, 297 F.3d at 1313.

## A.

Robinson argued in the district court the good faith exception did not apply based on the third situation, *i.e.*, Detective Cooke's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.[5] In *Martin*, we indicated that, in order to determine whether an

---

[5]Robinson has not argued any of the other three situations enumerated in *Leon* applies in this case.

affidavit lacked sufficient indicia of probable cause, we must look only at the face of the affidavit. *See id.*

Here, the affidavit included: (1) statements from two different confidential sources indicating Robinson had cocaine at his residence that he was "cooking," packaging, and distributing; (2) Detective Cooke had independently verified this information; and (3) Detective Cooke had discovered Robinson had several prior convictions for the sale and possession of cocaine. The affidavit also provided that Detective Cooke conducted two trash pulls from a multi-family trash receptacle in January 2001 and recovered mail addressed to Robinson, as well as latex gloves and a ziplock baggie containing trace amounts of cocaine. Notwithstanding the district court's determination that these facts did not support a finding of probable cause, we cannot conclude the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Therefore, the third situation enumerated in *Leon* does not apply.

B.

Robinson also argues that, even if none of the four situations enumerated in *Leon* applies, the Government nevertheless failed to carry its burden in demonstrating the applicability of the good faith exception. Relying on our opinion in *Martin*, which was issued subsequent to the district court's denial of

Robinson's motion to suppress, he contends the Government must present evidence beyond the four corners of the affidavit to demonstrate that Detective Cooke reasonably relied on the search warrant. According to Robinson, the Government failed to satisfy that burden in this case. But neither *Martin* nor any other relevant precedent of which we are aware supports Robinson's argument.

The question posed in *Martin* was "whether the court, in deciding whether the execution of the search warrant was reasonable, *may* consider information known to [the officer] that was not presented in the initial search warrant application or affidavit." *Id.* at 1318 (emphasis added). *Martin* held the court "*can* look beyond the four corners of the affidavit" to answer that question. *Id.* (emphasis added). *Martin* did not hold, however, that the court *must* consider evidence beyond the four corners of the affidavit in order to find good faith reliance.[6] And although we have indicated the Government bears the burden of demonstrating the applicability of the *Leon* good faith exception, *see United States*

_____

[6]The closest *Martin* comes to supporting Robinson's argument is a statement observing that a previous decision of this Court, *United States v. Taxacher*, 902 F.2d 867 (11th Cir. 1990), "suggests that facts outside the affidavit should be considered." *Martin*, 297 F.3d at 1319 (citing *Taxacher*, 902 F.2d at 873). Although this Court in *Taxacher* reviewed "all the circumstances" relevant to good faith—including those not referenced in a police officer's affidavit—before concluding the good faith exception applied, *Taxacher*, 902 F.2d at 873, *Taxacher* did not hold the government must present extrinsic evidence of an officer's good faith. *Martin* and *Taxacher* simply instruct that facts outside the affidavit *may* be considered when presented by either the government or the defendant, and the court *should* consider those facts *when presented with them*. But this is a different proposition than stating facts outside the affidavit must be presented.

9

*v. Travers*, 233 F.3d 1327, 1331 n.2 (11th Cir. 2000), we discern no reason why that burden cannot be met by reference to facts stated within the affidavit. That the Government did not present extrinsic evidence of Detective Cooke's good faith in this case does not itself vitiate a finding of good faith reliance on the warrant.[7]

We conclude the information in Detective Cooke's affidavit supported a finding of good faith reliance on the warrant. Detective Cooke relied on information from two confidential sources and independently corroborated that Robinson was involved in drug activities. Moreover, there is nothing in the record to suggest Detective Cooke's reliance on the warrant was objectively unreasonable. Assuming such evidence existed, Robinson would have been free to present it, but he did not. Therefore, the district court did not err in concluding the *Leon* good faith exception was applicable and in denying Robinson's motion to suppress.

AFFIRMED.

---

[7]It appears the Government could have presented such evidence in this case, in that Detective Cooke was apparently prepared to testify at the suppression hearing that drug paraphernalia recovered during the trash pulls were found in the same garbage bags as mail addressed to Robinson. But Robinson's counsel argued during the suppression hearing that the district court was confined to looking within the four corners of the affidavit. In any event, we reiterate that the Government was entitled to present this evidence just as Robinson was entitled to present any evidence—assuming such evidence existed—tending to show Detective Cooke's reliance on the affidavit was unreasonable.