[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 02, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11974
Non-Argument Calendar
_____

D. C. Docket No. 06-00145-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON TODD HENDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 2, 2007)

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Brandon Todd Hendon appeals his conviction for conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).  Hendon argues that the district court erred in finding that the good faith exception to the exclusionary rule applied because the warrant affidavit "was so lacking in probable cause" that the law enforcement officer's reliance upon the search warrant was unreasonable.  Hendon also argues that the state judge who issued the warrant "abandoned his judicial role" when he signed the warrant without any inquiry as to the factual basis.  For the reasons set forth more fully below, we affirm.

Before trial, Hendon filed a motion to suppress evidence seized as the result of an allegedly deficient affidavit used to procure a search warrant for his apartment and his car.   The government responded that, while the affidavit was not prepared "perfectly," the evidence obtained during the execution of the warrant was not due to be suppressed because the officer relied upon the warrant in good faith.  The district court determined that the search warrant was not supported by probable cause, finding that the only thing that could be determined from the affidavit was that, at some point in time, an unknown black male may have possessed a large quantity of cocaine at the apartment to be searched and that the same black male may have stored cocaine and marijuana inside the car to be

2

searched.

The court scheduled an evidentiary hearing to determine whether the good faith exception applied. The court heard testimony from the law enforcement officer and subsequently denied Hendon's motion to suppress, finding that the good faith exception applied to permit introduction of the evidence. The court acknowledged that it had previously determined that the affidavit lacked probable cause, but determined that, based on the totality of the circumstances, the officer acted in good faith in relying upon the search warrant.

Hendon subsequently pled guilty to the charged offense, reserving his right to appeal the motion to suppress and withdraw his plea if he prevailed on appeal. Thereafter, the court sentenced Hendon to 121 months' imprisonment and 5 years' supervised release.

## I.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's findings of fact to be true, unless shown to be clearly erroneous, and review the district court's application of the law to those facts de novo. Id. "[A]ll facts are construed in the light most favorable to the prevailing party below." United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).

3

"The individual challenging the search bears the burdens of proof and persuasion." United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998).

The Fourth Amendment provides for the right to be free of unreasonable searches and seizures, and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. In order to establish probable cause, the search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). More specifically, the affidavit should establish "a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Id. "The information in the affidavit must also be fresh." Id. In determining whether the affidavit underlying the search warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," we look to the face of the particular affidavit. Id. at 1313.

Here, the facts alleged within the four corners of the warrant affidavit indicate only that (1) information was received from a confidential informant ("CI") within the past 72 hours that drugs were located at 408 C North Brazier Drive and in a 2000 Buick parked next to the apartment building; (2) an unknown

black male was in possession of the drugs inside the apartment and the same unknown black male stored additional drugs inside the Buick; (3) the CI had observed cocaine before and believed that the drugs inside the apartment and inside the Buick were cocaine; and (4) the CI was reliable, previously having provided information that led to convictions in other cases. Although the information contained in the affidavit was arguably "fresh," having been obtained within 72 hours of the officer's application for the warrant, it does not provide any details to show that Hendon was the "unknown black male," such as a physical description, or indicate that the CI's information was in any way corroborated. Thus, on its face, the affidavit arguably does not establish a sufficient basis to connect Hendon with either the drugs or the places to be searched and, therefore, could be found lacking to establish a sufficient basis for a finding of probable cause. Nevertheless, we need not address whether there was sufficient probable cause to justify the search of the apartment at 408 North Brazier Drive because the district court did not err in finding that the evidence seized was not subject to exclusion because of the good faith exception to the warrant requirement, as explained below.

## II.

We review "de novo whether the . . . good faith exception to the exclusionary rule applies to a search, but 'the underlying facts upon which that

determination is based are binding on appeal unless clearly erroneous.'" United States v. Robinson, 336 F.3d 1293, 1295 (11th Cir. 2003). As we have held, "[e]vidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution." Martin, 297 F.3d at 1312. "The exclusionary rule, as it is known, is 'a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect.'" Id.

The good faith exception, as articulated by the Supreme Court in United States v. Leon, 468 U.S. 897, 922, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984), "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." Martin, 297 F.3d at 1313. The exception applies in all but four circumstances, two of which Hendon relies upon in the instant case: (1) where the issuing magistrate wholly abandoned his judicial role; and (2) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Id. However, "[t]he Leon good faith exception requires suppression 'only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" Id. "The purpose of the exclusionary rule is to

6

deter unlawful police misconduct; therefore, when officers engage in 'objectively reasonable law enforcement activity' and have acted in good faith when obtaining a search warrant from a judge or magistrate, the Leon good faith exception applies." Id. Moreover, we have held that a district court "can look beyond the four corners of the affidavit and search warrant to determine whether [the officer] reasonably relied upon the warrant." Id. at 1318.

As an initial matter, to the extent Hendon argues that the state judge who issued the warrant abandoned his judicial role, he failed to raise this claim below either in his motion to suppress or during the evidentiary hearing. Accordingly, this issue is not preserved for appeal and is subject to plain error review. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003). Nevertheless, we decline to review Hendon's argument for plain error because, as discussed below, it fails even under the preserved error standard of review.

As to Hendon's first claim that the state judge abandoned his judicial role, he has presented no evidence to show that the state judge merely "rubber-stamped" the search warrant. To the contrary, the officer's testimony at the suppression hearing indicates that, in reviewing other affidavits where the state judge thought probable cause was lacking, the state judge asked him for additional information and required him to submit an amended affidavit. Although the officer's testimony

7

indicates that he was aware of additional information that would support a finding of probable cause, he did not include this information in the affidavit because the state judge did not request it. Moreover, although the district court found that the warrant affidavit was lacking in probable cause, such a finding does not automatically indicate that the state judge abandoned his judicial role. See Martin, 297 F.3d at 1318 (indicating that "[j]ust because the affidavit is later found to be lacking in probable cause does not mean the magistrate served as a mere rubber stamp").

As to Hendon's second claim, the warrant itself was based on information that the officer believed to be reliable based on his prior dealings with the CI. Based on the CI's first-hand observation of the drugs at 408 C North Brazier Drive and inside a 2000 Buick parked nearby, within 72 hours of the warrant's issuance, it cannot be said that it was objectively unreasonable for the officer to believe that there was a "fair probability" of finding contraband in either location. United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999); see also Illinois v. Gates, 462 U.S. 213, 235, 103 S.Ct. 2317, 2330-31, 767 L.Ed.2d 527 (1983) (recognizing that affidavits "are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area.").

8

Moreover, going beyond the four corners of the affidavit, the officer was not dishonest or reckless in his affidavit for procuring a search warrant, and his reliance was reasonable given the additional information he received from the CI, but failed to include in the text of the affidavit. See Martin, 297 F.3d at 1318 (holding the court could go outside the four corners of the affidavit and warrant when determining if the officer reasonably relied on the warrant). According to the officer's testimony, the CI contacted him the day before he applied for the warrant. The CI indicated at that time that he had personally observed a black male in possession of cocaine at the apartment and had also observed the same person inside the Buick, which contained cocaine and marijuana. The CI told the officer that he had seen the black male with the drugs that same day, only moments before their conversation. The CI gave the officer a physical description of the person. The officer did not rely solely on this information. Instead, he drove by the apartment to confirm the locations to be searched and, in doing so, personally observed Hendon, who matched the physical description he received from the CI, outside the apartment building. The officer also saw the Buick parked nearby. Only after independently corroborating the CI's information did the officer attempt to get a search warrant for the apartment and the car.

Thus, while the affidavit in this case may have lacked sufficient indicia of

probable cause on its face, the totality of the evidence, viewed in a light most favorable to the government, supports the conclusion that the state judge did not "wholly abandon" his role and the officer's belief that probable cause existed was not so objectively unreasonable as to warrant exclusion of the seized evidence in light of <u>Leon</u>'s good faith exception. Accordingly, the district court did not err in denying the motion to suppress.

In light of the foregoing, Hendon's conviction is

**AFFIRMED.**