[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14853
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00256-CR-W-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON CONTRERAS RODRIGUEZ,
a.k.a. Ricardo Mendoza Lira,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(September 10, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Ramon Contreras Rodriguez (Contreras) appeals the district court's denial of his motion to suppress evidence seized during a search of his home. He contends the affidavit supporting the warrant used in the search failed to establish probable cause linking his residence to illegal activity, or a fair probability that evidence of a crime would be found there.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's findings of fact to be true, unless shown to be clearly erroneous, and review *de novo* the district court's application of the law to those facts. *Id.* "[A]ll facts are construed in the light most favorable to the prevailing party below." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). "The individual challenging the search bears the burdens of proof and persuasion." *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998).

The Fourth Amendment protects persons from unreasonable searches and seizures, and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. In order to establish probable cause, the affidavit supporting a search warrant must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." *United States v. Martin*, 297 F.3d 1308,

1314 (11th Cir. 2002) (quotations and citation omitted).  More specifically, "the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity."  *Id.*  Under the exclusionary rule, "[e]vidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution."  *Id.* at 1312.  However, the Supreme Court created a good faith exception to this rule, stating courts should generally not find evidence inadmissible when it is obtained by officers acting in reasonable reliance upon a search warrant later found to be unsupported by probable cause.  *United States v. Leon*, 104 S. Ct. 3405, 3420 (1984).

We review *de novo* whether the *Leon* good faith exception to the exclusionary rule applies to a search, adhering to the underlying facts upon which that determination is based unless they are clearly erroneous.  *United States v. Robinson*, 336 F.3d 1293, 1295 (11th Cir. 2003).  The exception applies in all but four sets of circumstances, two of which are relevant in this case: "where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and . . . where, depending upon the circumstances of the particular case, a warrant is so facially deficient–i.e., in failing to particularize the place to be searched or things to be

3

seized–that the executing officers cannot reasonably presume it to be valid." *Martin*, 297 F.3d at 1313 (quotations and citation omitted). Under the *Leon* good faith exception, suppression is required "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* (quotations and citation omitted).

Upon review of the record and after considering the parties' briefs, we find no reversible error in the district court's denial of Contreras's motion to suppress. We conclude the affidavit underlying the search warrant was not sufficient to establish probable cause linking Contreras's residence to illegal activity or to evidence sought in the warrant. However, the officers executing the warrant could have reasonably believed it was supported by probable cause, so the *Leon* good faith exception applies and the evidence was therefore admissible.

The warrant allowed a search of Octavio Trejo Patino's and Ronda Baird's property for documentary and other evidence related to their alleged harboring and employment of illegal aliens. The affidavit supporting the warrant provided evidence that Patino and Baird owned property that included the residences of Contreras and others. It also indicated their business had made payments to individuals suspected of being illegal aliens, and some residents on Patino's and

4

Baird's property were in the country illegally. To establish probable cause to search Contreras's residence, however, the affidavit needed to link the residence to Patino's and Baird's alleged crimes or show a fair probability that evidence of criminal activity would be found there.

While the affidavit indicated some illegal aliens were living on the property owned by Patino and Baird, it did not link those illegal aliens to specific residences on the property, and there was no information whatsoever in the affidavit establishing illegal aliens resided at Contreras's residence. Also, the affidavit indicated identification documents and evidence of payments to illegal aliens are typically found at the residence or business of those involved in these activities or those of their close associates. However, nothing in the affidavit showed Contreras's residence was used by Patino or Baird as a residence or business property or that Contreras was a close associate of Patino or Baird. Indeed, the affidavit lacked any indication that documentary evidence of Patino's and Baird's alleged crimes would likely be found at Contreras's residence. Because the warrant affidavit did not connect Contreras's residence to the alleged illegal activities of Patino and Baird and failed to establish Contreras's residence would likely house evidence of such activities, the warrant used to search Contreras's residence was not supported by probable cause.

Though the warrant used to search Contreras's residence was not supported by probable cause, the evidence seized from the residence is still admissible under the *Leon* good faith exception, since the officers acted in reasonable reliance upon the warrant. Contreras does not allege any of the information in the warrant affidavit was factually inaccurate, and there is no evidence that the affiant officer was reckless or dishonest in preparing the affidavit. While the affidavit may have lacked the specificity needed to establish a connection between Contreras's residence and evidence of the alleged crimes committed by Patino and Baird, it did establish that Patino and Baird owned Contreras's residence and illegal aliens were residing in at least some of the residences on their property. Officers executing the warrant could have reasonably believed the presence of illegal aliens at nearby residences owned by Patino and Baird was sufficient to establish probable cause to search Contreras's residence. Because the affidavit contained at least some information suggesting evidence might be found at Contreras's residence, the executing officers could have reasonably believed the warrant was supported by probable cause. Thus, the district court did not err in admitting the evidence found during the search of Contreras's residence.

**AFFIRMED.**