[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15185
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00266-CG-C-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN ALLEN RAILEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 12, 2012)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Nathan Allen Railey appeals his convictions for production and attempted production of child pornography by a parent, in violation of 18 U.S.C. § 2251(b), and for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On appeal, Railey argues that: (1) the district court erred when it refused to grant his request for a Franks[1] hearing to determine whether Mobile Police Detective LaTonya Thompson knowingly or recklessly submitted false statements in her affidavit in support of a state search warrant that resulted in the collection of evidence later used against him at trial; and (2) the district court erred when it determined that, even though the warrant was unsupported by probable cause, the evidence gathered pursuant to the search warrant was admissible against him at trial because of the police's reasonable, good-faith reliance on the search warrant. After thorough review, we affirm.

We review the district court's ruling on a motion to suppress under a mixed standard, reviewing factual findings for clear error, and the application of law to those facts de novo. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). While we generally review the district court's decision not to grant an evidentiary hearing on a suppression motion for an abuse of discretion, we need not determine the standard of review for the denial of a Franks hearing where the more exacting de

_____

[1] Franks v. Delaware, 438 U.S. 154 (1978).

2

novo standard of review is satisfied. United States v. Sarras, 575 F.3d 1191, 1218 n.37 (11th Cir. 2009). Furthermore, we review de novo the district court's determination of objective good faith, but the underlying facts on which that determination is based are binding on appeal unless clearly erroneous. United States v. Robinson, 336 F.3d 1293, 1295 (11th Cir. 2003).

Under the Fourth Amendment, a "Franks" hearing must be held "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Franks, 438 U.S. at 155-56. In order to be entitled an evidentiary hearing, the defendant must allege deliberate falsehood or reckless disregard for the truth, not mere negligence, and those allegations must be accompanied by an offer of proof. Id. at 171. This requirement is not lightly met. See United States v. Arbolaez, 450 F.3d 1283, 1294 (11th Cir. 2006). A defendant must also show that, absent the alleged misrepresentations or omissions, probable cause would have been lacking. United States v. Kapordelis, 569 F.3d 1291, 1309 (11th Cir. 2009).

Generally, the suppression of evidence gathered pursuant to an invalid search warrant is appropriate when it deters police conduct that violates the Fourth Amendment. Davis v. United States, 564 U.S. ___, 131 S.Ct. 2419, 2426-27 (2011).

3

However, evidence obtained by the police acting in reasonable, good-faith reliance on a search warrant that is subsequently found to be lacking probable cause is still admissible. United States v. Leon, 468 U.S. 897, 922 (1984). Regardless, the good-faith exception to the warrant requirement will not apply when the issuing judge was misled by information in an affidavit that the affiant knew was false or submitted in reckless disregard for the truth. Id. at 923.

Here, the district court did not err when it declined to conduct a Franks hearing because Railey did not make the requisite substantial preliminary showing required to merit a Franks hearing -- that Detective Thompson knowingly, or with reckless disregard for the truth, asserted false statements in her affidavit in support of the search warrant. As the record shows, Detective Thompson averred in her affidavit that (1) the victims had told their mother that their step-father, Railey, had touched them on their vaginal area and rear-end inside and outside of their clothes; (2) the mother believed that her ex-husband, Railey, possibly had taken photographs of her children; (3) the mother had discovered an ink pen camera in her daughter's bathroom; and (4) the ink pen camera had been placed inside a toothbrush holder that was cut for better visibility. Thompson later testified, however, that the mother had found the toothbrush holder, with a hole cut in the middle of it, in her own bedroom

4

(and not the daughters' bathroom), and that Thompson's statement that the toothbrush holder had been cut for better visibility "was an assumption."  Railey therefore complains that the statements in the affidavit were false because "[the mother] did not find the pen camera in the supposed toothbrush holder.  The 'toothbrush' holder was located in another room not the bedroom.  [The mother] found a toothbrush holder and decided that the pen camera could be placed inside [of it]."

While Detective Thompson later admitted that she had incorrectly assumed, in the affidavit, that the toothbrush holder had been used to house the pen camera, Railey has made no showing, aside from a bald assertion, that Thompson inserted her assumption with knowledge or in reckless disregard for the truth.  See Arbolaez, 450 F.3d at 1294.  Indeed, there is nothing in Thompson's testimony to indicate any knowledge or reckless disregard for the truth; instead, Thompson's testimony shows only that she negligently included in the affidavit a personal assumption about the use of the toothbrush holder.  Furthermore, even ignoring Thompson's statements in the affidavit about the toothbrush holder, the affidavit still would have contained information obtained from the victims that a crime had been committed and that the mother had "discovered an ink pen camera in her daughter[s'] bathroom."  Thus, based on these unchallenged assertions in the affidavit, the state court's probable

5

cause determination would have been unaffected, see Kapordelis, 569 F.3d at 1309, and the district court did not err when it determined that Railey had not made the requisite showing to merit a Franks hearing.

Similarly, the district court did not err when it determined that the police reasonably relied on the search warrant and affidavit in good faith. First, the district court determined that the search warrant lacked probable cause, but for reasons other than Detective Thompson's misstatements -- to wit, that the state search warrant lacked particularly because the "dots [were] not adequately connected." Nevertheless, the district court concluded that the evidence collected pursuant to the invalid warrant was admissible under the good-faith exception to the exclusionary rule, since the affidavit did provide information obtained from the victims that a crime had been committed and that the pen-camera was found in the girls' bathroom. Further, as we've already discussed, Railey did not show that Detective Thompson knowingly or recklessly misled the state issuing judge with her affidavit. Because Thompson's insertion of a personal assumption into her affidavit was, at worst, negligent, see Leon, 468 U.S. at 923, the district court did not err when it determined that the police reasonably relied in good-faith on the search warrant, in spite of Thompson's misstatements. Accordingly, we affirm.

6

**AFFIRMED.**