[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15134
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00016-SPM-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC JOSEF SCHULZ,

Defendant-Appellant.

_____

No. 11-15135
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00016-SPM-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELLY ANN SCHULZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(August 14, 2012)

Before DUBINA, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellants Eric Schulz and Kelly Schulz ("the Schulzes") appeal their convictions for conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(vii).  On appeal, the Schulzes argue that the district court erred in denying their motions to suppress statements made before and during the search of their property; that the district court erred in denying their motions to suppress evidence seized from their house; and that the district court erred in denying their motions to suppress evidence seized from their barn.

I.

The Schulzes argue that the district court erred in refusing to suppress their statements made before and during the search of their property.

We review the denial of a motion to suppress under a mixed standard of review, reviewing the district court's factual findings for clear error, and its application of law to those facts *de novo*.  *United States v. Bautista-Silva*, 567 F.3d 1266, 1271 (11th Cir. 2009).  All facts are construed in the light most favorable to the prevailing party below.  *See id.*

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  In *Miranda,*[1] the Supreme Court "established that custodial interrogation cannot occur before a suspect is warned of his or her rights against self-incrimination." *United States v. Newsome*, 475 F.3d 1221, 1224 (11th Cir. 2007).  Accordingly, the right to *Miranda* warnings attaches at the start of custodial interrogation. *United States v. Luna-Encinas*, 603 F.3d 876, 880 (11th Cir. 2010).  Pre-custodial questioning, in contrast, does not require *Miranda* warnings.  *United States v. Street*, 472 F.3d 1298, 1309 (11th Cir. 2006).  Statements obtained in violation of *Miranda* are not admissible to prove the government's case at trial.  *Miranda*, 384 U.S. at 444-45, 86 S. Ct. at 1612.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 445, 86 S. Ct. 1602, 1612 (1966).

3

For the purposes of *Miranda*, a defendant is in custody when there has been a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. *United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006). The test is whether, under the totality of the circumstances, a reasonable person in the defendant's position would understand his freedom of action to be curtailed to a degree associated with a formal arrest. *Luna-Encinas*, 603 F.3d at 881. This is an objective test that does not consider the actual, subjective beliefs of the defendant or interviewing officer as to whether the defendant was free to leave. *Street*, 472 F.3d at 1309. We consider several factors in applying this test, "including whether the officers brandished weapons, touched the suspect, or used language or a tone that indicated that compliance with the officers could be compelled." *Id*. (internal quotation marks omitted). *See also Brown*, 441 F.3d at 1348-49 (holding that defendant was not in custody in part because he was in a familiar setting, his girlfriend's house, and because, "[a]lthough an officer accompanied him throughout the house for safety reasons, he was free to eat, smoke, use the phone, and move about as he wished").

Interrogation occurs "whenever a person in custody is subjected to either express questioning or its functional equivalent," which refers to words or actions "that the police should know are reasonably likely to elicit an incriminating

4

response." *Rhode Island v. Innis*, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 1689 (1980). This excludes, however, words or actions normally attendant to arrest and custody. *Id*. Additionally, a defendant's volunteered statements do not implicate *Miranda*. *Miranda*, 384 U.S. at 478, 86 S. Ct. at 1630; *see also United States v. Castro*, 723 F.2d 1527, 1530-32 (11th Cir. 1984) (explaining that voluntary, unresponsive statements are outside the protection of *Miranda*).

Here, we conclude from the record that the district court did not err in refusing to suppress the Schulzes' statements. As to their pre-*Miranda* statements, the Schulzes were not in custody or subjected to interrogation at the time, such that the right to *Miranda* warnings had not attached. *See Street*, 472 F.3d at 1309. Moreover, some of their statements were volunteered and not responsive to any question by the agents. *See Miranda*, 384 U.S. at 478, 86 S. Ct. at 1630; *see also Castro*, 723 F.2d at 1530-32. In regard to Eric Schulz's post-*Miranda* statements, the district court properly refused to suppress them because they were knowingly and voluntarily made by E. Schulz after waiver of his *Miranda* rights. *See Oregon v. Elstad*, 470 U.S. 298, 309, 105 S. Ct. 1285, 1293 (1985). Finally, given that the Schulzes were never interrogated, their argument regarding a two-step interrogation process is without merit.

II.

5

The Schulzes next argue that the district court erred in denying their motions to suppress as to the evidence seized from their house.

We may affirm the denial of a motion to suppress on any ground supported by the record. *United States v. Caraballo*, 595 F.3d 1214, 1222 (11th Cir. 2010).

The Fourth Amendment protects the right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV. However, the Fourth Amendment is not implicated when police officers enter private land to knock on a citizen's door for legitimate police purposes unconnected with a search of the premises. *United States v. Taylor*, 458 F.3d 1201, 1204 (11th Cir. 2006). The officers are permitted "to knock on a residence's door or otherwise approach the residence seeking to speak to the inhabitants just [as] any private citizen may," and are permitted some movement away from the front door depending on the circumstances. *Id*. at 1204-05 (internal quotation marks omitted). Where the Fourth Amendment is violated, the question, in considering whether evidence is fruit of the poisonous tree that must be suppressed, is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 487-88, 83 S. Ct. 407, 417  (1963) (internal quotation

6

marks omitted).

The Fourth Amendment further provides that warrants shall be issued only upon probable cause. U.S. Const. amend. IV. If, under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place," then there is a sufficient basis for probable cause. *United States v. Lopez*, 649 F.3d 1222, 1245 (11th Cir. 2011) (internal quotation marks omitted). A fair probability is present "when the facts and circumstances would lead a reasonably prudent person to believe that the place to be searched contains contraband or evidence of a crime." *Id.* When deciding whether a search warrant was supported by probable cause, we must consider only that information brought to the attention of the issuing judge. *United States v. Lockett*, 674 F.2d 843, 845 (11th Cir. 1982).

Affidavits supporting a search warrant are presumed valid. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978). If, however, a defendant makes a threshold showing that the affiant deliberately or recklessly made a false statement, then the defendant is entitled to a *Franks* hearing. *Id.* at 171-72, 98 S. Ct. at 2684-85. If the defendant then makes that threshold showing of deliberate or reckless falsity by a preponderance of the evidence, he is entitled to a new evaluation of probable cause with the affidavit stripped of the false

7

statements. *See id*.

For probable cause to search a residence, there must be some nexus between the premises and the alleged criminal activity. *United States v. Bradley*, 644 F.3d 1213, 1263 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 2375 (2012). This does not require an allegation in the supporting affidavit that criminal activity took place at the residence, but it does require that the affidavit show a connection between the defendant and the residence and a link between the residence and the criminal activity. *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009). Probable cause exists to support a search of a defendant's residence where there is evidence that the defendant is in possession of contraband that is of the type that would normally be hidden at one's residence. *United States v. Anton*, 546 F.3d 1355, 1358 (11th Cir. 2008) (noting that, according to affidavit, federal agents had observed defendant with firearms at gun shows, and affidavit further stated that, based upon federal agent's experience, convicted felons and firearms dealers possessing contraband typically store these items on their property); *see also United States v. Jenkins*, 901 F.2d 1075, 1081 (11th Cir. 1990) (noting that affidavit stated that FBI agent, who had spent ten years investigating bank robbery and burglary matters, advised that defendant's resident was most likely hiding place of evidence of the theft).

District courts should generally not suppress evidence obtained by officers objectively acting in reasonable reliance upon such warrants even when the court ultimately finds the search warranted unsupported by probable cause. *United States v. Leon*, 468 U.S. 897, 922-23, 104 S. Ct. 3405, 3420 (1984). Under this so-called "good-faith exception," "suppression is necessary only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Robinson*, 336 F.3d 1293, 1296 (11th Cir. 2003) (internal quotation marks omitted). In considering good faith, "we subscribe to a standard which is focused on a reasonably well-trained officer and is based upon the totality of the circumstances." *United States v. Taxacher*, 902 F.2d 867, 872 (11th Cir. 1990). It is indicative of good faith that an officer consults with a prosecutor before seeking a search warrant and submits it to a neutral magistrate. *Id*. Also, in determining whether an officer reasonably relied upon a search warrant, we may look beyond the four corners of the affidavit and warrant. *United States v. Martin*, 297 F.3d 1308, 1318-19 (11th Cir. 2002).

The *Leon* good-faith exception to the exclusionary rule does not apply, however, in four situations:

9

(1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient–i.e., in failing to particularize the place to be searched or the things to be seized–that the executing officers cannot reasonably presume it to be valid.

*Robinson*, 336 F.3d at 1296.

Here, we conclude that the Schulzes' claim that the agents' entry onto their property violated the Fourth Amendment and rendered the subsequently seized evidence fruit of the poisonous tree, is without merit. The agents' valid knock-and-talk did not implicate the Fourth Amendment. *See Taylor*, 458 F.3d at 1204-05. Moreover, we conclude that the district court did not err in refusing to strike language from the affidavit underlying the warrant because the Schulzes did not show by a preponderance of the evidence that any language was false and deliberately or recklessly included. *See Franks*, 438 U.S. at 171-72, 171 98 S. Ct. at 2684-85. Finally, we conclude that the district court did not err in finding that probable cause existed to search the Schulzes' residence, given that the affidavit underlying the warrant established a nexus between the residence and the alleged criminal activity. *See Kapordelis*, 569 F.3d at 1310. In any event, even if the

10

search warrant was not supported by probable cause, the district court correctly concluded that the *Leon* good-faith exception would negate any application of the exclusionary rule.

### III.

The Schulzes further argue that the district court erred in denying their motions to suppress the evidence seized from their barn.

Fourth Amendment violations are subject to harmless error analysis, including where the defendant entered a conditional guilty plea. *United States v. Rhind*, 289 F.3d 690, 692-94 (11th Cir. 2002). A district court's error in failing to suppress evidence is harmless if the other evidence of guilt was so overwhelming that the defendant suffered no prejudice from the improperly admitted evidence. *Id*. at 694; *see also United States v. Delancy*, 502 F.3d 1297, 1315 n.12 (11th Cir. 2007) (noting in dicta that any error in refusing to suppress certain evidence was harmless because the additional evidence did not affect either the defendant's Sentencing Guidelines offense level or the statutory offense he was charged with violating).

Here, even if we assume, *arguendo*, that the district court erred in refusing to suppress the evidence seized from the Schulzes' barn, we conclude that the error was harmless beyond a reasonable doubt. Any error by the district court did not harm the

11

Schulzes, given that there was an overwhelming amount of other evidence against them and that the evidence from the barn did not even materially affect the sentence imposed. *See Rhind*, 289 F.3d at 694; *see also Delancy*, 502 F.3d at 1314-15 & n.12.

For the aforementioned reasons, we affirm the district court's order denying the four motions to suppress and we affirm the Schulzes' convictions.

**AFFIRMED.**