[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12428
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00013-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY DEAN WHITEHURST,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 8, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

On a conditional plea of guilty, Troy Dean Whitehurst was adjudicated guilty of manufacturing marijuana, in violation of 21 U.S.C. § 841, and sentenced to prison for twenty-one months.  He appeals, arguing that the District Court erred in denying his motion to suppress the marijuana plants agents of a Georgia Bureau of Investigation Drug Task Force found during a search of outbuildings on his residential property in Clay County, Georgia.[1]  The agents had conducted the search pursuant to a search warrant issued by the Clay County Magistrate Court. In moving to suppress the marijuana, Whitehurst contended that the Magistrate should not have issued the search warrant because the affidavit of the Drug Task Force's Supervising Agent, Seth Maxwell—which provided the foundation for the warrant—contained information Agent Maxwell knew to be false.  Whitehurst contended, moreover, that the affidavit failed to establish probable cause to believe that he was using his property to grow marijuana.

The District Court rejected Whitehurst's first contention but held that his second contention presented a "close question."  The court pretermitted the probable-cause issue and upheld the search based on the good-faith exception created in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677

---

[1] The agents obtained the following evidence during the search: 90 marijuana plants; five trash bags full of marijuana; nine Sun System grow lights; six Sun System light bulbs; and four inverters.

(1984).  We conclude that the court properly applied the exception and accordingly affirm.[2]

## I.

The District Court ruled on Whitehurst's motion to suppress following an evidentiary hearing.  In addition to the affidavit and search warrant at issue, the court heard the testimony of Agent Maxwell and City of Edison[3] police officer Nartonya Houston.  Here is what the District Court found in its order denying Whitehurst's motion.

On September 14, 2012, Officer Houston stopped Whitehurst for speeding in a school zone.  When Officer Houston ran the car's license-plate number, she learned that the vehicle was registered in Whitehurst's wife's name and was uninsured.  As she questioned Whitehurst, she smelled the odor of unburned marijuana.  She also detected the odor of fertilizer and saw some gardening materials inside the car.  When she told Whitehurst that she smelled marijuana, he said that he had smoked some earlier, admitted that he had marijuana in the car, and consented to a search of the vehicle.  Officer Houston found thirty-seven grams of freshly cut marijuana in a sock under the passenger's seat.

---

[2] We review *de novo* the application of the good-faith exception, and the fact findings underpinning the exception for clear error.  *United States v. Robinson*, 336 F.3d 1293, 1295 (11th Cir. 2003).

[3] The city of Edison is located in Calhoun County, Georgia.

Officer Houston seized the marijuana, arrested Whitehurst for driving an uninsured vehicle, and had the car impounded. An agent of the Drug Task Force conducted an inventory search,[4] seized the gardening materials, and reported what he had found, along with the information and evidence Officer Houston had obtained, to Agent Maxwell.[5]

Agent Maxwell was familiar with Whitehurst, having encountered him approximately four years earlier during a different marijuana-manufacturing investigation. Although Whitehurst was not charged as a result of that investigation, he was suspected by law enforcement to have been involved in the illegal growing of marijuana.

The District Court concluded its recitation of the facts as follows:

> Based on the freshly cut marijuana and gardening materials found in [Whitehurst's] vehicle and [Agent Maxwell's] previous knowledge of [Whitehurst], [Agent Maxwell] sought and obtained a search warrant from the local magistrate for a search of [Whitehurst's] residence . . . and any outbuildings . . . on that property. In his affidavit relied on by the magistrate . . ., the agent stated that the following established that probable cause existed to believe that marijuana was likely present on the property to be searched: (1) within the past four years, the agent was involved in an investigation that revealed that [Whitehurst] was "involved with Johnny Hansel in an indoor and outdoor marijuana grow operation in Terrell and Randolph Counties[, and d]uring this

---

[4] The District Court held that the inventory search was invalid because it was conducted to obtain evidence that might support a drug-offense charge against Whitehurst. The invalidity of the inventory search is not pertinent here.

[5] The Chief of the Edison Police Department also informed Agent Maxwell of what Officer Houston had uncovered after stopping Whitehurst earlier in the day.

investigation there [were] approximately 1,200 marijuana plants recovered from several different locations in Terrell and Randolph Counties and numerous assets used to help cultivate marijuana;" (2) marijuana was found in a sock in [Whitehurst's] vehicle; and (3) "numerous products commonly used to cultivate marijuana were recovered" from [Whitehurst's] vehicle, including "bloom enhancer, fertilizer refill pellets, head lamp and mosquito net."  Based on these statements in the agent's affidavit, the magistrate found probable cause to believe that evidence of an indoor and/or outdoor marijuana grow operation likely existed on the property to be searched, and she issued a search warrant.

Doc. 33, at 4–5.

In his opening brief on appeal, Whitehurst argues that Agent Maxwell, in his affidavit, falsely stated that he, Whitehurst, "had a history of growing marijuana" and that Agent Maxwell "affirmatively misrepresented both his and Mr. Whitehurst's involvement in a four-year-old investigation" of a marijuana grow operation in Terrell and Randolph Counties.  Appellant's Br. at 28.  Without "Maxwell's material misrepresentation about his and Mr. Whitehurst's involvement in the four-year-old investigation, the affidavit . . . failed to establish probable cause to search Mr. Whitehurst's residence."  *Id*.

## II.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation."  U.S. Const. amend. IV.  Generally, evidence seized pursuant to a search warrant that is invalid under the Fourth Amendment must be suppressed.  *See generally Leon*, 468 U.S. at 906–09,

5

104 S. Ct. at 3411–15 (discussing the origin and scope of the exclusionary rule). The good-faith exception to the exclusionary rule applies when the search warrant is invalid but was issued by "a detached and neutral magistrate," and the officers executing the warrant "reasonably rel[ied]" on it. *Id*. at 913, 104 S. Ct. at 3415. The exception exists because "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *Id.* at 922, 104 S. Ct. at 3420.

Our court has explained that the good-faith exception applies "in all but four limited sets of circumstances." *United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002). The good-faith exception does not apply when (1) "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) "the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S. Ct. 2319, 60 L. Ed. 2d 920 (1979)"; (3) "the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) "depending on the circumstances of the particular case, a warrant is so facially deficient—i.e., in failing to particularize the place to be

searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id.* (quotation marks omitted) (citation omitted).

Addressing these four sets of circumstances, the District Court found as follows. First, Whitehurst "failed to establish that [Agent Maxwell] knowingly and intentionally made a false statement in his affidavit or made a false statement with reckless disregard for its truth, which false statement was necessary to the finding of probable cause." Second, the District Court found that there was "no evidence to suggest that the magistrate who issued the warrant . . . ever abandoned her role as a neutral and detached judicial officer." Third, "[t]he affidavit was [not] so lacking in indicia of probable cause that belief in its existence was entirely unreasonable." And fourth, "the warrant was not so facially deficient that the officers who executed it could not reasonably rely on it to be valid."

We conclude that these findings are not clearly erroneous; therefore, none of the circumstances that would render the good-faith exception inapplicable were present.

The question thus becomes whether the agents reasonably relied on the search warrant. *Leon*, 468 U.S. at 913, 104 S. Ct. 3415; *Martin*, 297 F.3d at 1318. The District Court answered the question in the affirmative and accordingly upheld the search on the basis of the good-faith exception. The record supports the District Court's decision.

7

AFFIRMED.