[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13009
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00231-KD-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES HENRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 17, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Willie James Henry appeals the district court's denial of his motion to suppress evidence found during a search of an apartment believed to be his residence.  Police sought the warrant in the course of an investigation of a string of gas station robberies.  Three firearms were found in the residence during the search, and Henry was a convicted felon.  On appeal, Henry argues that the search warrant sought by Detective Deon Thornton was not supported by probable cause and that the good-faith exception to exclusion under *United States v. Leon*, 468 U.S. 897 (1984), should not have been applied.  He contends that there was no minimally sufficient nexus between the illegal activity and the place to be searched.  Further, he asserts that the officers' mere observation of him entering the apartment once, without seeing him use a key or carry anything inside, was insufficient to connect him to the apartment.

We review *de novo* whether the good-faith exception to the exclusionary rule applies, but the underlying facts upon which that determination is based will be overturned only if they are clearly erroneous.  *United States v. Robinson*, 336 F.3d 1293, 1295 (11th Cir. 2003).

The exclusionary rule is a judicially created remedy designed to safeguard Fourth Amendment rights through its deterrent effect, and requires that evidence obtained through an illegal search may not be used by the government in a subsequent criminal prosecution.  *United States v. Martin*, 297 F.3d 1308, 1312

(11th Cir. 2002).  The Supreme Court created a good-faith exception to this rule, stating that courts generally should not hold inadmissible evidence obtained by officers acting in reasonable reliance upon a search warrant later found to be unsupported by probable cause or technically insufficient.  *Leon*, 468 U.S. at 922.  The *Leon* good-faith exception does not apply where the warrant is so lacking in indicia of probable cause that official belief in its validity is entirely unreasonable.  *Id.* at 923.

Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search.  *Id.* at 922.  The good-faith exception requires suppression of the evidence only if the law enforcement officers executing the warrant in question could not have harbored an objectively reasonable belief in the existence of probable cause.  *Martin*, 297 F.3d at 1313.  We will determine, under the totality of the circumstances, whether a reasonably well-trained officer would have relied upon the warrant.  *United States v. Taxacher*, 902 F.2d 867, 872 (11th Cir. 1990).

The district court did not err by concluding that the good-faith *Leon* exception applied, because Detective Thornton could have harbored an objectively reasonable belief in the existence of probable cause.  *See Martin*, 297 F.3d at 1313.  The affidavit established a connection between the ongoing robberies and

3

Henry, there was some basis for Detective Thornton to believe that Henry resided at the searched apartment, and it was not unreasonable for Detective Thornton to expect that items involved in the robberies could be found in Henry's residence. Given that a warrant issued by a magistrate normally suffices to establish that a law enforcement officer acted in good faith, the warrant's issuance combined with the lack of questioning by the issuing judge is another indication of good faith by Detective Thornton. *See Leon*, 468 U.S. at 922. Looking at the totality of the circumstances, a reasonably well-trained officer would have relied on the search warrant, and it does not so lack indicia of probable cause as to render belief in the possibility of probable cause entirely unreasonable. *See id.* at 923; *Taxacher*, 902 F.2d at 872. Accordingly, we affirm.

**AFFIRMED.**