[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10489

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CURRY D. WHITLOW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:23-cr-00131-RAH-JTA-1

_____

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Pursuant to a warrant, police searched Curry Whitlow's residence and discovered evidence that served as the basis for his indictment on drug and firearm possession charges. Whitlow now appeals the district court's denial of his suppression motion, arguing that the warrant did not meet the probable cause requirement and the good-faith exception to the exclusionary rule does not apply. Not so. Even if we accept the argument that the warrant was not supported by probable cause, the evidence is admissible against Whitlow under the good-faith exception. We therefore affirm.

**I.**

In September 2022, police obtained a warrant to search Whitlow's residence. The warrant application included an affidavit from a police investigator, stating in part: "In the past 72 hours Investigators met with a Confidential and Reliable Source who informed Investigators that the [source] observed Whitlow in possession of a large amount of marihuana inside Whitlow's residence . . . . The confidential source has been proven reliable by conducting controlled purchases at my direction and also providing information that has been corroborated through other sources."

The police used evidence obtained in the search to seek an indictment against Whitlow, and a federal grand jury indicted him

24-10489                Opinion of the Court                    3

on three counts: possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a firearm by a convicted felon. In a motion to suppress the evidence obtained during the search, Whitlow argued that the warrant was not supported by probable cause. The district court disagreed and denied the motion. The court also determined that even if the warrant was deficient, the evidence was still admissible under the good-faith exception to the exclusionary rule. Whitlow then pleaded guilty to two of the counts while preserving his right to appeal the denial of the motion to suppress. He now appeals.

## II.

When evaluating a district court's ruling on a motion to suppress, we review factual findings for clear error and application of the law to these facts de novo. *United States v. Newsome*, 475 F.3d 1221, 1223 (11th Cir. 2007).

## III.

The exclusionary rule prohibits the use of evidence seized during an unlawful search—for example, one unsupported by a proper warrant and not otherwise falling into an exception to the Fourth Amendment's warrant requirement. *Murray v. United States*, 487 U.S. 533, 536 (1988).

In *United States v. Leon*, the Supreme Court recognized a "good-faith exception" to the exclusionary rule for evidence "obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but

ultimately found to be unsupported by probable cause." 468 U.S. 897, 900, 924 (1984). But the good-faith exception cannot apply when a warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923 (quotation omitted).

Suppression in this situation, however, is rarely appropriate and is generally limited to incidents where "officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002) (quotation omitted). Specifically, we suppress if given the totality of the circumstances, a reasonably well-trained officer would not have relied on the warrant. *United States v. Taxacher*, 902 F.2d 867, 872 (11th Cir. 1990). In deciding whether an affidavit lacks indicia of probable cause, we look only at the face of the affidavit. *United States v. Robinson*, 336 F.3d 1293, 1296 (11th Cir. 2003).

Because the search here falls comfortably within the good-faith exception, we need not determine whether the warrant was supported by probable cause. While there are several "indicia of probable cause" on the face of the affidavit, we highlight two.

*First*, an informant personally observed drugs at Whitlow's residence. The affidavit states that "[i]n the past 72 hours Investigators met with a Confidential and Reliable Source who informed Investigators that the [source] observed Whitlow in possession of a large amount of marihuana inside Whitlow's

residence."  Whitlow argues that although the affidavit states that the meeting with investigators happened within 72 hours of the warrant being sought, it does not establish that the informant observed marijuana at his residence during this same timeframe. And thus, the government failed to "establish the required nexus between [his] residence and the alleged crime *on the date the search warrant was issued*."  But the affidavit, while not written clearly, can reasonably be read to indicate that the informant saw marijuana at Whitlow's residence in the 72-hour timeframe discussed in the affidavit.

*Second*, the affidavit establishes the informant's veracity. The affidavit states that the "confidential source has been proven reliable by conducting controlled purchases" and "providing information that has been corroborated through other sources." Whitlow argues that the affidavit's failure to "supply any specific facts demonstrating the informant's veracity" shows that the warrant failed to establish probable cause.  But the statements about the informant's reliability, while lacking specificity, are at the very least "indicia of probable cause."

Whether or not probable cause existed, this warrant (though inartfully drafted) presents enough indicia of probable cause for an objectively reasonable officer to rely on it in good faith.  *See Leon*, 468 U.S. at 923.  And because the good-faith exception to the exclusionary rule applies, the evidence of the search was properly admitted by the district court.

6               Opinion of the Court               24-10489

⋆     ⋆     ⋆

We **AFFIRM** the district court's order denying Whitlow's motion to suppress.